712 So.2d 145 (1998)
Craig BRYANT, as Father of Decedent Heather Bryant
v.
Theodore G. SOLOMON, Theodore G. Solomon, II, Theodore G. Solomon, III, Gulf Insurance Company and Discovery Productions, Inc.
No. 97-CA-2008.
Court of Appeal of Louisiana, Fourth Circuit.
March 25, 1998.
*146 Leonard A. Young, Celeste Brustowicz, Scott A. Cannon, Bienvenu, Foster, Ryan & O'Bannon, New Orleans, for Appellant.
George W. Healy, IV, New Orleans, and Bill Robins, III, Gallager, Lewis & Downey, Houston, Texas, for Appellee.
Before LOBRANO, MURRAY and CIACCIO, JJ.
CIACCIO, Judge.
In this suit for wrongful death, the sole issue presented for our review is the propriety of an award of damages rendered in favor of plaintiff. Finding no abuse of the jury's discretion, we affirm.

Facts
Heather Bryant, a 21-year old college student and resident of Illinois, was killed in an automobile accident on February 15, 1994 on I-55 in St. John Parish, Louisiana. Ms. Bryant and a friend, Lisa Peabody, had travelled to Louisiana to participate in Mardi Gras festivities, and they were leaving New Orleans when they experienced car trouble. As the women waited in the vehicle on the shoulder of the highway for assistance, their vehicle was struck by a vehicle being operated by Theodore Solomon, III, a resident of Hammond, Louisiana. Ms. Bryant was transported to a nearby hospital where she was pronounced dead.
On August 2, 1994, Craig Bryant, Heather's father, filed a petition for wrongful death and survivorship in Civil District Court, naming as defendants Theodore Solomon, III as driver of the vehicle which injured Heather, and Solomon's father and grandfather as officers in the corporation Discovery Productions, Inc. which owned the vehicle on a theory of negligent entrustment of the vehicle.[1] Prior to trial, the parties stipulated that Heather Bryant's death was caused by the negligence of Theodore Solomon, III in falling asleep at the wheel. The parties also stipulated as to the insurance coverage available in this case.
The matter proceeded to a jury trial solely on the issue of damages. At the close of plaintiff's case, defendants moved for a directed verdict on plaintiff's claim of negligent entrustment of the vehicle, and the trial court dismissed defendants Theodore Solomon, II, Theodore Solomon, Sr. and Discovery Productions, Inc. Defendants also moved for and obtained a directed verdict on plaintiff's survivorship claim, as the evidence indicated Heather's death was instantaneous.
Following a two-day trial, the jury returned a verdict in favor of plaintiff in the amount of $300,000.00. This verdict was made judgment of the court on January 15, 1997. Defendants thereafter filed a motion for new trial/judgment notwithstanding the verdict and for remititur. The trial court denied these motions, and this appeal followed.
On appeal, defendants contend that the jury abused its discretion in awarding $300,000.00 to plaintiff for the wrongful death of his major daughter. Defendants contend that plaintiff, who was divorced from Heather's mother and lived in a different state from his family from the time his daughter was 2 years old, was an "absentee" parent and is therefore entitled to a reduced amount *147 of damages for the loss of love, affection and companionship of his deceased daughter. Defendants also contend that the trial court's judgment denying the motions for new trial, JNOV and remititur are manifestly erroneous where the trial judge stated on the record that the damage award was excessive, but failed to reduce it because of previous cases where appellate court reversed his findings.

Discussion
In a suit for wrongful death, the father or mother of a deceased may recover damages which they sustained as a result of the death. LSA-C.C. art. 2315.2. The elements of a general damage award for wrongful death include loss of support and services, medical and funeral costs incurred and loss of love and affection. Williams v. City of New Orleans, 433 So.2d 1129 (La.App. 4 Cir.) writ denied, 437 So.2d 1135 (La.1983). In addition, the jurisprudence recognizes that the survivors of the decedent may also be awarded damages for their mental pain, suffering and distress resulting from the death. Buckbee v. Aweco, Inc., 626 So.2d 1191, 1197 (La.App. 3 Cir.1993), writ denied, 93-2691 (La.1/13/94), 631 So.2d 1162.
In the present case, no evidence was introduced at trial which demonstrated a loss of support or services. Further, plaintiff did not incur any medical or funeral expenses on behalf of Heather. Therefore, the award of damages was based solely on loss of love and affection of Heather and on plaintiff's mental pain and suffering as a result of her death.
The standard for appellate review of general damage awards, as stated in Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993) is
"difficult to express and is necessarily non-specific, and the requirement of an articulated basis for disturbing such awards give little guidance as to what articulation suffices to justify modification of a generous or stingy award."
Nevertheless, the theme that emerges from the jurisprudence is that the discretion vested in the trier of fact is "great," and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. Youn, 623 So.2d at 1261.
At trial, Craig Bryant testified that he married Heather's mother, Jane Dawson, in 1970 in the state of Illinois and that Heather was born on October 3, 1971. The couple also had a son, Patrick, who was born on February 11, 1974. Several months later, Craig and Jane separated, and Craig moved to Colorado in an effort to secure employment. A judgment of divorce was rendered in 1976 wherein Mrs. Bryant was awarded custody of the two children, and Mr. Bryant agreed to child support payments. Mr. Bryant admitted that he was not able to send his child support payments initially because his income was insufficient. However, he stated that as his financial situation improved, he began to regularly send child support payments to his family in Illinois. Mr. Bryant stated that his children visited him for long periods every summer, and for holidays, including Christmas and Easter.
Mr. Bryant testified that he subsequently remarried Marion Smith and moved to Portland, Oregon. Mr. Bryant stated that he maintained contact with his children and that they came to visit him regularly. Mr. Bryant identified several photographs of his children taken on such visits which were introduced into evidence. He admitted that his child support payments were sporadic and irregular, but stated that he bought clothes and other things for the children when they visited him.
Mr. Bryant admitted that due to financial trouble in 1985, he had become addicted to heroin and had been convicted of distribution of heroin, for which he spent several years in a federal prison. He stated that during this period he was ashamed of himself and lost contact with his children, but after his sentence was reduced, he contacted his children *148 and began to correspond with them again.
After his release from prison, Mr. Bryant moved to Houston, Texas where his parents were located and got a job. He saved money to pay for airfare for his children to visit him there. Mr. Bryant subsequently obtained a divorce from Marion Smith and married his current wife, Julie Bryant, in 1990. He stated he took Heather and Patrick on vacations and talked with them by phone regularly. Plaintiff introduced into the record numerous letters which Heather had written to him while he was living in Texas.
Mr. Bryant testified that he gave Heather financial assistance while she went to college. Mr. Bryant stated that he visited with his daughter personally about a week before her death while she was vacationing in Orlando, Florida. Mr. Bryant went to Orlando, and Heather drove back to Houston with him. Heather then went back to Illinois where she was in college and telephoned her father concerning plans to go with a friend to Mardi Gras.
Mr. Bryant testified that his daughter's death has been very difficult for him. He stated that he went to her funeral in Illinois, and that he was upset to see her in such a way and not be able to touch her.
Plaintiff also introduced the testimony of Julie Bryant, his current spouse. Mrs. Bryant testified that her husband and Heather had a very close relationship and talked to each other several times each month. She stated that Heather sought advice from her father and the two enjoyed each other's company. She testified that Heather's death had been very difficult for her husband. She stated that the funeral devastated him, and since then, he has been moody and depressed. She stated that her husband had dreams of being a grandfather to Heather's children, and that he has a void in his life as a result of Heather's death.
Defendants introduced portions of the deposition testimony of Heather's mother, Jane Dawson, which was read in excerpts to the jury. Ms. Dawson stated that she attempted to enforce the child support agreement with Mr. Bryant while he was living in Colorado, but he went to court and the support payments were reduced. She also stated that although Mr. Bryant promised to pay for Heather's college tuition, Heather called her in 1993 and said her father had not paid the bill. She said the tuition was eventually paid, and that she paid the summer school tuition. Ms. Dawson stated she refused to accept money from Mr. Bryant for Heather's funeral because she felt that he did not support her financially in her life.
Defendants also introduced portions of the deposition testimony of Marion Smith, plaintiff's second wife. Ms. Smith stated that although Mr. Bryant was financially well-off during their marriage, he attempted to reduce his child support payments. She also stated that although the children came to Oregon to visit their father, she was the primary caretaker while Mr. Bryant was at work. Defendants also introduced portions of the deposition testimony of Patrick Bryant, Heather's brother, who stated that he had a very close relationship with Heather. He stated that he and Heather would visit their father at least once a year, but they lost contact with him suddenly and found out later he had been in prison. Patrick stated that prior to her death, Heather and he had planned to speak with their father to resolve certain issues they had with him. Although he did not know what Heather wanted to discuss, Patrick wanted to tell his father that he wasn't there enough for him.
The jury had the opportunity to view each of these witnesses and to hear their testimony. The jury apparently found the testimony of plaintiff and his current wife, which was the only live testimony at trial regarding their relationship, to be credible. In rendering an award in favor of plaintiff, the jury obviously found that Heather and her father had a very close relationship, in spite of the fact that they did not live together and in fact lived in different states. The jury also apparently found that plaintiff suffered a serious emotional impact and loss of love and affection following the death of his daughter.
We find that the jury's findings of credibility are supported by the record. Plaintiff testified candidly concerning his relationship *149 with his daughter and admitted that he had not been a perfect father. He admitted that he had missed some child support payments, and although he lost contact with his daughter for two years while he was in prison, Mr. Bryant testified had he wanted to continue to have a close relationship with her once he was released.
The deposition testimony presented by defendants does not support defendants' argument that plaintiff is entitled to a reduced amount of damages based on his failure to maintain a relationship and financially support his daughter. We recognize that the jurisprudence provides that not every biological parent is damaged by his child's death, and parents are only entitled to the damages they sustained. However, although this family arrangement is obviously not the traditional type where the father is present in the home with the child, the jury was obviously impressed with the testimony of the plaintiff regarding his relationship with his daughter. Although some might consider an award of $300,000.00 to be on the high end on the scale, we cannot say that the jury abused its "vast" discretion in rendering this award. We fail to find that this award is beyond that which a reasonable trier of fact could assess for the effects of this tragic death on this plaintiff under the particular circumstances presented here. That being the standard for appellate review of a general damage award, we decline to disturb the jury's findings.
Further, we find no error in the trial court's judgment denying the motion for new trial, JNOV or remittur. Although the trial court may have felt the award was high, the trial court's personal feelings do not require the court to adjust the award. Rather, the trial court could only grant relief in this case if, after reviewing the evidence in the light most favorable to plaintiff, it determined that reasonable persons could not have reached a contrary verdict. In ruling on this motion, the trial court may not weigh evidence or pass on credibility of the witnesses and may not substitute its judgment for that of the jury. Blum v. New Orleans Public Service, Inc., 469 So.2d 1117 (La.App. 4th Cir.), writ denied, 472 So.2d 921 (La.1985); May v. Jones, 28,106 (La.App. 2 Cir. 5/8/96), 675 So.2d 275, writ denied, 96-1466 (La.9/27/96), 679 So.2d 1354.
Although reasonable persons could disagree as to the amount of damages which are appropriate in this case, we cannot say that the jury could not have reasonably arrived at this verdict. Further, as the verdict has not been determined to be clearly contrary to the weight of the evidence, a remititur was not appropriate in this case. The record before us does not demonstrate that the award is excessive or that the jury abused its discretion in rendering this award in favor of plaintiff. We therefore conclude that the trial court did not err in denying defendants' motions for JNOV or remittur.
Accordingly, for the reasons assigned herein, the judgment of the trial court is affirmed. Defendants shall bear all costs of this appeal.
AFFIRMED.
NOTES
[1] Heather Bryant's mother, Jane Dawson, filed a separate suit for damages and settled her claims with defendants prior to a trial.