858 So.2d 1288 (2003)
Darlene SLAGEL, et al., Plaintiff-Appellee,
v.
Jack Carol ROBERSON, Defendant-Appellant.
Jack Carol Roberson, Plaintiff-Appellant,
v.
Marty Hawkins, as Administrator for the Estate of Rodney Dean WOOD, Defendant-Appellee.
Michael Wilson, Plaintiff-Appellee,
v.
Jack Carol Roberson, Defendant-Appellant.
Nos. 37,791-CA, 37,792-CA, 37,793-CA.
Court of Appeal of Louisiana, Second Circuit.
November 18, 2003.
*1289 Ansel M. Stroud, III, Counsel for Appellant.
Jack Carol Roberson, In Proper Person.
James M. Johnson, Minden, and Milam M. Kinard, Counsel for Appellees.
Before BROWN, WILLIAMS and TRAYLOR (Pro Tempore), JJ.
WILLIAMS, Judge.
The defendant, Jack Roberson, appeals a judgment in favor of the plaintiffs, Darlene Slagel, Marty Hawkins and Michael Wilson. The trial court assessed 80% fault to Roberson in causing the accident and 20% fault to the decedent, Rodney Wood. The court awarded damages of $312,200 to Slagel, $21,610.78 to Hawkins as the administrator of the decedent's estate, $17,014.56 to Wilson and $5,000 to Roberson. For the following reasons, we affirm.

*1290 FACTS
On May 7, 1996, Rodney Wood was driving his 1985 Chevrolet automobile south on Louisiana Highway 157 in Bossier Parish. Wood was driving with his passenger, Michael Wilson, from Arkansas to Shreveport, Louisiana, to attend a concert. Jack Roberson was driving a farm tractor north on La. Hwy. 157 toward a hay field. As he reached the private driveway leading into the hay field, Roberson began a left turn, without a signal, across the southbound lane of the highway. At that point, Wood drove around a sharp curve in the highway and encountered the turning tractor in his path. Wood applied his brakes and veered to the right, but his vehicle crashed into the hydraulic lift in the front of the tractor. The decedent, Wood, was killed in the collision. Wilson and Roberson sustained injuries as a result of the accident.
Louisiana State Police Officer Chris Joyner investigated the accident scene and photographed a skid mark made by the driver's side tire of decedent's vehicle. Officer Joyner observed spilled fluids and gouge marks in the driveway pavement and saw paint from the automobile on the tractor. As a result of his observations, the officer determined that the vehicles' point of impact occurred in the driveway near its entrance to the highway and that decedent's vehicle struck the left front tire of the tractor.
Subsequently, Darlene Slagel, the decedent's mother, and Marty Hawkins, administrator of decedent's estate, filed a petition for wrongful death damages against Roberson. Wilson also filed a petition for damages against Roberson, who filed a suit for damages against the decedent's estate. The three actions were consolidated for trial.
After a bench trial, the court issued a written opinion finding that the left-turning tractor was still partially in the roadway when the accident occurred and that decedent's vehicle had exceeded a safe speed. The trial court allocated 80% fault to Roberson and 20% fault to the decedent in causing the accident. The court awarded Slagel damages of $300,000 for loss of love and affection, $7,200 for loss of support and $5,000 for loss of services. The court further awarded damages of $17,014.56 to Wilson, $21,610.78 to Hawkins as administrator of decedent's estate and $5,000 to Roberson. The court rendered judgment providing that all of the above damage awards were to be adjusted according to the allocation of fault. Roberson's motion for new trial was denied. Roberson appeals the judgment.

DISCUSSION
In two assignments of error, the defendant contends the trial court erred in the allocation of fault. Defendant argues that the decedent should have been assessed with a higher percentage of fault because his excessive speed was the major contributing factor in causing the accident.
Before attempting a left turn, a motorist should ascertain whether it can be completed safely. Theriot v. Lasseigne, 93-2661 (La.07/05/94), 640 So.2d 1305; Silva v. Calk, 30,085 (La.App.2d Cir.12/10/97), 708 So.2d 418. In a vehicular collision case, plaintiffs are afforded the benefit of a presumption of the defendant's negligence when they prove that the defendant executed a left hand turn and crossed the center line at the time of the impact. Miller v. Leonard, 588 So.2d 79 (La. 1991). The burden rests on the motorist who desires to make a left turn to explain how the accident occurred and to show that he is free from negligence. Id.; Silva, supra.
Likewise, jurisprudence has established that an oncoming driver has a right to assume that the left-turning motorist will *1291 obey the law in allowing him to continue in his proper lane of travel and will yield to his right-of-way. Jones v. Lingenfelder, 537 So.2d 1275 (La.App. 2d Cir.1989), writ denied, 539 So.2d 631 (La.1989); Terro v. Casualty Reciprocal Exchange, 93-593 (La.App. 3rd Cir.02/02/94), 631 So.2d 651, writ denied, 94-0522 (La.04/22/94), 637 So.2d 157.
Nonetheless, all motorists on Louisiana highways must drive with due regard for the traffic on the highway and have an affirmative duty not to drive faster than is reasonable and prudent under the conditions and potential hazards existing at the time. LSA-R.S. 32:64(A); Lennard v. State Farm Mutual Automobile Insurance Company, 26,396 (La.App.2d Cir.01/25/95), 649 So.2d 1114; Jones, supra. Thus, notwithstanding the presumption of negligence attributed to a left-turning driver, a favored Umotorist can still be assessed with comparative fault if his substandard conduct contributed to the cause of the accident. Terro, supra.
Pursuant to Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La.1985), the trier of fact will compare the relative fault of the parties in the assessment of liability. The law of comparative negligence is applicable to situations involving automobile accidents. Ortigo v. Merritt, 488 So.2d 1051 (La.App. 2d Cir.1986). The allocation of fault is a factual determination subject to the manifest error rule. Hundley v. Harper Truck Line, Inc., 28,613 (La.App.2d Cir.9/25/96), 681 So.2d 46.
A court of appeal should not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State Dept. of Transp. & Development, 617 So.2d 880 (La.1993). The task of a reviewing court is to assess whether the fact finder's resolution of conflicting evidence was reasonable in light of the record as a whole. Fowler v. Wal-Mart Stores, Inc., 30,843 (La.App.2d Cir.8/19/98), 716 So.2d 511.
Officer Joyner testified that Highway 157 curved sharply just prior to the location of the private driveway. He stated that decedent's vehicle left a skid mark of approximately 56 feet up to the point of impact, which was indicated by scrapes and gouges on the west side of the highway pavement. Joyner testified that the automobile hit a hydraulic lift attached to the front of the tractor, tearing off the roof of the vehicle and damaging the tractor's right front tire. Joyner stated that at impact, the front end of the tractor was past the highway, but the rear of the tractor partially extended into the highway lane of travel. Joyner testified that a major contributing factor in causing the accident was the speed of decedent's vehicle.
Roberson testified that while driving his tractor to the hayfield, he looked forward and backward and did not see any other vehicles approaching. Roberson stated that he did not stop or give a signal before turning, but slowed the tractor and turned left toward the driveway. Roberson testified that as he was entering the driveway, he saw in his peripheral vision a vehicle approaching at a high rate of speed and he did not have time to react before impact. Roberson stated that he had cleared the highway when the automobile struck the lift on the front of his tractor. Disagreeing with the police officer's determination that the tractor was partially in the highway at impact, Roberson testified that he had entered the driveway at an angle and that no part of the tractor remained in the highway.
James Wilson, the passenger in decedent's vehicle, testified that after they came out of the winding curve they saw the tractor in the roadway. Wilson stated *1292 that the brakes locked up, he heard the tires screeching and after that point there was a gap in his memory. Wilson testified that he did not remember the speed at which the automobile was traveling when decedent applied the brakes.
In his brief, Roberson contends he was not at fault because the collision resulted from the oncoming vehicle's excessive speed, which he could not have reasonably anticipated. However, despite Roberson's testimony that he became aware as he was turning that a collision was imminent, the evidence shows that he did not apply his brakes or take any evasive action. Applying the Watson factors, we note that Roberson was aware of the danger in making a left turn on a highway in a slow moving tractor without first stopping and that decedent was aware of the risk of driving at a high speed through a curving roadway. The conduct of both Roberson and the decedent created a significant risk of accident and injury.
The trial court heard the evidence and weighed the credibility of the witnesses. Considering the evidence presented, the court could reasonably have concluded that if Roberson had stopped to ascertain whether the left turn could be completed safely, he would have had an opportunity to see the approaching automobile prior to initiating the turn. The trial court was able to evaluate the reciprocal duties of each motorist and the competing theories regarding their respective fault. After reviewing the entire record, we cannot say the court's allocation of fault was manifestly erroneous. Therefore, we will not disturb the result. The assignments of error lack merit.
Damages
The defendant contends the trial court erred in awarding Slagel $300,000 for loss of affection. Defendant argues that based on the evidence, the award is excessive and should be reduced.
The trier of fact is given much discretion in the assessment of damages. LSA-C.C. art. 2324.1. The elements of damage for a wrongful death action are loss of love, affection, companionship and support. Scott v. Pyles, 99-1775 (La.App. 1st Cir.10/25/00), 770 So.2d 492. Wrongful death awards may be based on the degree of affection with the deceased and the closeness of the family relationship. Williams v. City of Monroe, 27,065 (La. App.2d Cir.7/3/95), 658 So.2d 820. The parent of a deceased may recover damages which she sustained as a result of the death. LSA-C.C. art. 2315.2; Bryant v. Solomon, 97-2008 (La.App. 4th Cir.3/25/98), 712 So.2d 145.
An appellate court may disturb an award of damages only when the record clearly shows that the factfinder abused its broad discretion in making the award. Scott, supra. After a determination that an award constitutes an abuse of discretion based on the particular injuries sustained and their effect on the particular injured person, the appellate court may reduce or increase the award to the highest or lowest amount reasonably within the factfinder's discretion. Wilson v. Natl Union Fire Ins. Co., 27,702 (La.App.2d Cir.12/6/95), 665 So.2d 1252.
In the present case, Marty Hawkins, the brother-in-law of Darlene Slagel and administrator of decedent's estate, testified that Slagel and her son seemed to have a "really close" relationship during the time her son lived in her home. Hawkins stated that after the decedent's death, Slagel "fell apart" and for a period of time cried often and did not eat. Hawkins testified that Slagel was emotionally devastated and sought psychological counseling to help her cope with the loss of her son.
*1293 Darlene Slagel, the decedent's mother, testified that she was at work when she learned that her oldest son had died in an automobile accident. Slagel described her reaction as a feeling of total devastation and that she felt as if someone had ripped out a piece of her heart and placed an anvil on her chest. Slagel stated that for a period after her son's death, she was dysfunctional, she could not eat or sleep and relied on family support to get her through those days. Slagel testified that she never saw decedent after his death because she was told that given the nature of the injuries, it would be better for her not to view the body.
For a number of months, Slagel could not believe the decedent was gone and she visited the cemetery twice each day. Slagel stated that she saw a psychiatrist for six months and took anti-depressant medication. Slagel testified that the treatment helped her cope with her feelings of grief, but that her lifestyle had changed as a result of her son's death, because she was unable to continue with her stressful job as an office worker and was instead working as a housekeeper.
The testimony demonstrated that Slagel had developed a close bond with her son, who was single and did not have any children. In rendering an award in favor of Slagel, the trial court found that decedent and his mother had formed a substantially close relationship and that Slagel suffered a serious emotional impact and loss of affection following the death of her son. After reviewing the record, we conclude that this award does not exceed the highest amount reasonably within the broad discretion of the trial court in assessing damages. Consequently, we cannot say the court's award of $300,000 for loss of affection is excessive. The assignment of error lacks merit.
In their brief, the plaintiffs contend Wilson's damage award should not be reduced based on the fault allocation because he was a passenger and that Roberson's damage award should be reversed. However, an appellate court cannot amend a judgment in favor of a party who has neither appealed nor filed an answer to the appeal. Blair v. Tynes, 621 So.2d 591 (La.1993). Plaintiffs did not appeal the judgment or file an answer to the appeal. Thus, the plaintiffs' arguments regarding the court's damage award and allocation of fault cannot be addressed by this court on appeal.

CONCLUSION
For the foregoing reasons, the trial court's judgment is affirmed. Costs of this appeal are assessed to the appellant, Jack Roberson.
AFFIRMED.