995 So.2d 1239 (2008)
Stacey and Charles SUBERVIELLE
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Brendon V. Mistrot, Richard V. Mistrot, Jr., Rechel Renee Austin Mistrot, Chris Wagner, Dino Huy, Jr., and US-Agencies Casualty Insurance Company, Inc.
No. 2008-CA-0261.
Court of Appeal of Louisiana, Fourth Circuit.
October 1, 2008.
Terrence J. Lestelle, Andrea S. Lestelle, Jeffery B. Struckhoff, Lestelle & Lestelle, APLC, Metairie, LA, for Plaintiffs/Appellees.
David V. Batt, Jonathan B. Womack, Lobman Carnahan Batt Angelle & Nader, New Orleans, LA, for State Farm Mutual Automobile Insurance Company.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge TERRI F. LOVE, Judge DAVID S. GORBATY).
DAVID S. GORBATY, Judge.
In this appeal, defendants State Farm Mutual Automobile Insurance Company ("State Farm") contend that the trial court erred in issuing a declaratory judgment in *1240 favor of plaintiffs. For the reasons set forth below, we reverse and remand.

FACTS AND PROCEDURAL HISTORY
This action stems from an automobile accident that occurred on January 16, 2005. Plaintiffs Stacey and Charles Subervielle are the parents of Stephanie Subervielle, who died in an accident on Old Gentilly Road in New Orleans. Plaintiffs filed suit to recover for wrongful death and survival damages.
State Farm, in its capacity as liability insurer of Brendan Mistrot, moved for a declaratory judgment seeking a policy interpretation from the trial court that the wrongful death and survival claims presented by the Subervielles were subject to a single $100,000 "Each Person" policy limit. Plaintiffs opposed the motion and sought a declaration that each plaintiff, separately, could potentially recover up to the separate $100,000 "Each Person" limit, with the total potential recovery of all claimants being limited to the $300,000 "Each Accident" limit.
The trial court issued a declaratory judgment in favor of the plaintiffs and against State Farm. The Court held:
[T]he State Farm policy at issue provides that each wrongful death claim is covered up to "each person" limit of $100,000 subject to the aggregate "each accident" limit $300,000, assuming the factfinder determines that the emotional injuries sustained by wrongful death claimants rise to the level of severe and debilitating, such as to meet the definition of "bodily injury" as it is defined in the policy.
State Farm subsequently filed this appeal.

DISCUSSION
In its sole assignment of error, State Farm argues that the trial court erred in finding that each plaintiff might separately recover up to the $100,000 "Each Person" liability limit, subject only to the $300,000 "Each Accident" limit.
The issue before the court is one of contract interpretation, which is subject to de novo review on appeal. French Quarter Realty v. Gambel, XXXX-XXXX, p. 3 (La. App. 4 Cir. 12/28/05), 921 So.2d 1025, 1027. An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code. Louisiana Ins. Guar. Ass'n v. Interstate Fire Cas. Co., 93-0911 (La.1/14/94), 630 So.2d 759, 763; Smith v. Matthews, 611 So.2d 1377, 1379 (La.1993); Schroeder v. Board of Sup'rs of Louisiana State University, 591 So.2d 342, 345 (La.1991). If the words of the policy are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and the agreement must be enforced as written. Smith, supra at 1379; Central Louisiana Elec. Co. v. Westinghouse Elec. Corp., 579 So.2d 981, 985 (La.1991); Pareti v. Sentry Indem. Co., 536 So.2d 417, 420 (La.1988); see La. C.C. art. 2046.
The State Farm policy at issue here defines "bodily injury" as "physical bodily injury to a person and sickness, disease, or death which results from it." Additionally, the policy language for limits of liability for Coverage ABodily Injuryprovides:
The amount of bodily injury liability coverage is shown on the declarations page under "Limits of LiabilityCoverage ABodily Injury, Each Person, Each Accident." Under "Each Person" is the amount of coverage for all damages due to bodily injury to one person. "Bodily injury to one person" includes all injury and damages to others resulting from this bodily injury, and all emotional distress resulting from this bodily injury sustained by other persons who do not *1241 sustain bodily injury. Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person," for all damages due to bodily injury to two or more persons in the same accident."
Recently, in Hebert v. Webre, XXXX-XXXX (La.5/21/08), 982 So.2d 770, the Louisiana Supreme Court examined State Farm policy language identical to the language at issue here. In that case, Christopher Hebert was killed in an automobile accident, and was survived by his wife and three children. The driver of the other vehicle was Scotty Webre, who was insured by Progressive Security Insurance Company with policy limits of $25,000 Each Person/$50,000 Each Accident. The Heberts had an uninsured/underinsured motorist ("UM") policy with State Farm with benefits of $100,000 Each Person/$300,000 Each Accident. Due to the extensive damages of the Heberts, Webre was an underinsured motorist.
State Farm tendered $100,000 to the Hebert plaintiffs under the UM policy. State Farm also filed a Motion for Summary Judgment, arguing that under the language of the policy, the survival action and all wrongful death claims presented by the Heberts were subject to a single $100,000 "Each Person" policy limit. The Heberts filed a Cross-Motion for Summary Judgment, seeking a declaration that they were entitled to recover up to the $300,000 "Each Accident" limit. The trial court, finding the State Farm policy to be ambiguous, found in favor of the Heberts and granted their Cross-Motion for Summary Judgment. The Louisiana Third Circuit upheld the trial court's judgment. The Louisiana Supreme Court granted writs and reversed, holding that "under the particular wording of the policy at issue, the wrongful death claims are subject to the same per person limit as the deceased involved in the accident." 08-0060 at p. 1, 982 So.2d at 772. The court distinguished the case from Crabtree v. State Farm Ins. Co., 93-0509 (La.2/28/94), 632 So.2d 736, and Hill v. Shelter Mut. Ins. Co., 05-1783 (La.7/10/06), 935 So.2d 691, which involved similar factual scenarios, but different policy language.
In Hebert, as here, bodily injury was defined as "physical bodily injury to a person and sickness, disease, or death which results from it." The policy further outlined which damages were included under the single "Each Person" limit versus the aggregate "Each Accident" limits of the policy utilizing language identical to that used in the Subervielles' policy.
The Supreme Court concluded:
Based on the clear and explicit terms of the State Farm policy at issue, and considering all terms as a whole, we find that the Hebert's wrongful death and survival claims are subject to a single "Each Person" limit. We reach this decision because the injuries suffered by a wrongful death claimant, i.e., loss of love, affection, and companionship, mental pain, suffering, and distress, do not constitute "physical" bodily injury as required by the policy. The addition of the word "physical" to describe the bodily injury distinguishes this case from Crabtree and Hill. Further, wrongful death damages clearly fall under the phrase "all emotional damages resulting from [the decedent's] bodily injury," no matter how severe or debilitating. Finally, these claims could not be subject to the "Each Accident" limit in any event because they were not suffered in the "same accident" as the decedent.
08-0060 at pp. 13-14, 982 So.2d at 779.
*1242 In light of Hebert,[1] and considering the specific policy language at issue here, we find that the wrongful death claims arising from the automobile accident are subject to a single "Each Person" limit. The trial court erred in issuing the declaratory judgment in favor of the plaintiffs.

CONCLUSION
Accordingly, for the foregoing reasons, we reverse the judgment of the trial court, and remand this matter for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] Hebert was issued after the trial court rendered its decree.