DENNIS R. BAGNERIS, SR., Judge.
|, The Appellant, State Farm Mutual Automobile Insurance Company (“State Farm”), appeals the judgment of the district court granting the Appellees’ Motion for Declaratory Judgment. We reverse and remand.
This case stems from an automobile accident that occurred on January 16, 2005. Stephanie Subervielle died in the accident on Old Gentilly Road after a drag racing incident. Stacey and Charles Subervielle, the parents of Stephanie, filed suit to recover wrongful death and survival damages. State Farm is one of the named defendants in the suit. State Farm is the insurer of Brendon Mistrot who was operating the vehicle in which Stephanie was a passenger. It is also the UM carrier for the Subervielles.
In a judgment dated March 11, 2008, the district court denied State Farm’s Motion for Summary Judgment and the Suberv-ielle’s cross-claim for Summary Judgment. However, the district court granted the Subervielle’s Motion for Declaratory Judgment finding that “the economic only uninsured motorist policy issued by State Farm to plaintiffs provides coverage for all economic losses that Plaintiffs have incurred, up to the limits of liability ...” It is from this judgment that State Farm appeals.
| .¿State Farm offers the following two assignments of error: (1) under Louisiana Law, funeral and medical expenses are the only “economic damages” that are recoverable by wrongful death and/or survival claimants. Therefore, the plaintiffs have received the compensation to which they are entitled under the policy at issue, and the claims against State Farm, in its capacity of the UEO insurer should be dismissed and (2) the plain and clear language of the policy issued by State Farm in its capacity as the underinsured motorist carrier of the plaintiffs unambiguously limits the claims of the Subervielles to the per person limit.
The issue before the court is one of contract interpretation, which is subject to de novo review on appeal. French Quarter Realty v. Gambel, 2005-0933, p. 3 (La.App. 4 Cir. 12/28/05), 921 So.2d 1025, 1027. An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code. Louisiana Ins. Guar. Ass’n v. Interstate Fire Cas. Co., 93-0911 (La.1/14/94), 630 So.2d 759, 763; Smith v. Matthews, 611 So.2d 1377, 1379 (La.1993); Schroeder v. Board of Sup’rs of Louisiana State University, 591 So.2d 342, 345 (La.1991). If the words of the policy are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent and the agreement must be enforced as written. Smith, supra at 1379; Central Louisiana Elec. Co. v. Westinghouse Elec. Corp., 579 So.2d 981, 985 (La.1991); Pareti v. Sentry In-dem. Co., 536 So.2d 417, 420 (La.1988); see La. C.C. art. 2046.
Thus far the Subervielles received a total of $11,830.23 to pay for funeral and medical expenses incurred as a result of the death of their daughter. The Suberv-ielle’s maintain that they have a total loss of $128,468.91 which includes |amedical expenses, lost wages, benefits and other economic losses that are all directly at *813 tributable to their wrongful death action. Alternatively State Farm maintains that the only other wrongful death elements of damages still available to the Subervielles are loss of love and affection and that loss of love and affection are non-economic damages which are not covered under the policy.
The insurance policy states:
When Coverage UEO Does Not Apply THERE IS NO COVERAGE FOR NON-ECONOMIC LOSS. NON-ECONOMIC LOSS MEANS ANY LOSS OTHER THAN ECONOMIC LOSS AND INCLUDES BUT IS NOT LIMITED TO PAIN, SUFFERING, INCONVENIENCE, MENTAL ANGUISH, AND OTHER NON-ECONOMIC DAMAGES OTHERWISE RECOVERABLE UNDER THE LAWS OF LOUISIANA.
The district court reasoned in its judgment that:
The economic only insured motorist policy issued by State Farm to Plaintiff’s provide coverage for all economic losses that Plaintiffs have incurred, up to the limits of liability, as a result of the wrongful death of their daughter, Stephanie Subervielle, assuming the fact finder determines that the mental and emotional injuries sustained by Plaintiffs rise to the level of severe and debilitating so as to meet the definition of ‘bodily injury’ as defined in the policy.
In Hebert v. Webre, 2008-0060 (La.5/21/08) 982 So.2d 770, the Supreme Court examined the exact language of the State Farm policy questioned in this case. In that case, Mr. Hebert was killed in an automobile accident and survived by his wife and three children. The Supreme Court reasoned:
The elements of wrongful death are loss of love and affection, loss of services, loss of support, medical expenses and funeral expenses. Smith v. Municipality of Ferriday, 2005-755 (La.App. 3rd Cir.2/1/06), 922 So.2d 1222, 1231. The elements of damage for a wrongful death action are loss of love, affection, companionship, |4services, support, medical expenses and funeral expenses. See, Bujol v. Entergy Services, Inc., 00-1621, p. 46 (La.App. 1st Cir.8/14/02), 833 So.2d 947, 983; Clark v. G.B. Cooley Service, 35,675, p. 9 (La.App. 2nd Cir.4/5/02), 813 So.2d 1273, 1280. Additionally, the courts have allowed damages in wrongful death actions for mental pain, suffering, and distress resulting from the death of the victim. Bryant v. Sullivan, 1997-2008 (La.App. 4th Cir.3/25/98), 712 So.2d 145, 147; Hasha v. Calcasieu Parish Police Jury, 651 So.2d 865, 876 (La.App. 3rd Cir.1995).
08-0060 at p. 11, 982 So.2d. at 778, n. 8
We are of the opinion that in the instant matter that the Subervielles are entitled to recover under the UEO limits of the State Farm policy, however their recovery is limited to their out of pocket expenses resulting from the accident. For additional expenses the Subervielles would have to prove that they suffered a “bodily injury” as defined by the policy.
State Farm followed the suggestion of Crabtree (citation omitted) and amended its definition of “bodily injury” to require that such injury be “physical” in nature to differentiate it from a mental or emotional injury. Although Crabtree also suggested the use of the word “external” in addition to “physical” to clarify the definition of “bodily injury,” the use of the word “external” could have had unintended consequences. For example, if an external, physical injury were required *814 to qualify as a “bodily injury” to trigger a separate “each person” limit, a person who sustained internal injuries, such as a damaged organ, without sustaining external injuries such as bruises or lacerations, would not be entitled to a separate “each person” limit. As that result was not intended by the policy and would lead to inequitable and illogical results, we 'find that the addition of the word “physical” is sufficient under Crabtee to differentiate a “bodily injury” sustained in a physical manner, which would be entitled to separate per person limits, from an injury which is emotional in nature and, though might have physical consequences, is not a “physical” bodily injury.
08-0060 at 9-10, 982 So.2d at 776-777.
|sThe Subervielles sued for wrongful death and survival actions under Louisiana Civil Code Articles 2315.1 and 2815.2 and they must prove that they are legally entitled to the damages that they claim are economic. For a survival action, the elements of damages are the deceased’s “pain and suffering, loss of earnings, fright, fear or mental anguish while the ordeal is in progress.” Dawson v. James Stewart and Deaton, Inc., 437 So.2d 974 (La.App. 4th 1983). The elements of damages for wrongful death are loss of love and affection, loss of services, loss of support, medical expenses and funeral expenses. Broussard v. Medical Protective Co., 2006-331, p. 6 (La.App. 3rd Cir. 2/21/07), 952 So.2d 813, 819.
Further, we ruled in Subervielle v. State Farm Mut. Auto. Ins. Co., 995 So.2d 1239, 2008 WL 4489695 (La.App. 4 Cir., 10/01/08), that considering the specific policy language at issue, the wrongful death claims arising from the automobile accident are subject to a single “Each Person” limit.
The Subervielles do not have a separate claim for “bodily injury” arising out of the death of their daughter. Their claim against State Farm in its capacity as their UEO carrier is limited to the economic damages arising out of their wrongful death claims.
Decree
For the reasons stated above, this Court reverses the judgment of the district court granting the Appellees’ declaratory judgment and we remand this matter for proper calculation of the Subervielle’s economic-only losses consistent with this opinion.
REVERSED AND REMANDED.
ARMSTRONG, C.J., concurs.