11JONES, Judge.
City of New Orleans appeals the trial court’s judgment finding it liable to plaintiff in the amount of $1,107,480.00 in this wrongful death cause of action. We affirm the trial court’s judgment.
On September 27, 1984, Robert F. Aime was travelling east on Chef Menteur Highway. He turned south at Miehoud Boulevard. At the same time, a freight train owned and operated by the Seaboard System Railroad was headed east on tracks near Chef Menteur.
Before the railroad crossing, Miehoud Boulevard curves slightly, changes from a divided boulevard to a four-lane road with no median, and rises slightly as it meets the tracks. There was an overgrowth of weeds, brush and trees on the right side of the road, as well as numerous utility poles along the way, all obscuring the crossbucks. Robert Aime was travelling in the right-most lane of traffic, on the same side as the overgrown trees, brush, weeds, etc. When the Aime vehicle reached the railroad crossing, the train struck it, killing Robert Aime instantly.
RThe only eye-witness to this accident, Timothy Hoy, stated that he saw the Aime vehicle make the turn from Chef Menteur Highway onto Miehoud Boulevard. The vehicle appeared to be travelling at a rate of speed of 30-35 m.p.h. At no time did the vehicle appear to slow down before going into the crossing. Mr. Hoy stated that, from where he sat in his car, he heard the tram’s air horn and saw the flashing lights on the cross-buck and thought “either this guy’s got to slow down or get on it a little bit to beat it. He just kept the same speed.”
Decedent’s wife, Mary Ann Aime, filed suit on her own behalf and on behalf of her minor daughter, Valerie Elizabeth Aime, against Seaboard Railroad, Inc. and the City of New Orleans for the wrongful death of her spouse. Seaboard System Railroad was dismissed from the lawsuit after settling with plaintiffs. A bench trial took place against the remaining defendant, City of New Orleans. The trial court rendered judgment in favor of plaintiffs and read his reasons for judgment into the record in open court. The judge awarded special damages to plaintiffs representing loss of support in the amount of $245,000.00 and general damages to Mary Ann Aime in the amount of $900,000.00 and general damages to Valerie Aime in the amount of $700,000.00. Based upon the factors enunciated in Watson v. State Farm, Fire and Casualty Ins. Co., 469 So.2d 967 (La.1985), the court assigned forty (40%) percent fault to Robert Aime and sixty (60%) percent fault to the City. The court assessed all costs to the City, including expert fees together with legal interest from the date of *22 judicial demand. From this judgment the City of New Orleans appeals.
By its first assignment of error the City argues that the trial court erred in finding that the railroad crossing at Michoud Blvd. constituted a dangerous trap.
|aThe trial court specifically relied on the fact that the railroad crossing lacked any advanced warning such as pavement markings. Additionally, because of the obstructions to view, specifically overgrown foliage, a cantilevered arm with flashing lights was called for at this railroad crossing. The testimony of accident reconstruction expert, Duane Evans, cited five factors that resulted in this being an extremely hazardous crossing: 1) no advance warnings; 2) camouflage effect created by foliage and utility poles; 3) height of the crossbucks; 4) failure to use cantilevered arms; 5) failure to use active gate system. Mr. Evans testified that the curvature and rise of the roadway acted to divert a driver’s attention from what signs were present. He also testified that under both the Manual on Uniform Traffic Control Devices and the Railroad-Highway Grade Crossing Handbook this crossing was not properly signed. Plaintiffs offered the testimony of several other witnesses, including Officer Patrolia, Officer Barrios and Officer Wheat from the City of New Orleans who investigated the accident, that agreed with Mr. Evans’ conclusions regarding the unsafe nature of the crossing. We find that the record supports the trial court’s finding that the railroad crossing was unreasonably dangerous.
By its second assignment of error the City argues that the trial court erred in admitting the deposition testimony of Officer Barrios.
The trial court’s admission of Officer Barrios’ deposition would be no more than cumulative but for the fact that Officer Barrios testified that he investigated two prior fatalities at this crossing. On the first occasion he verbally notified the railroad supervisors at the scene and the Parkways Department that the foliage needed to be maintained. The second time he sent written documentation to the Traffic Engineer’s Office and the Railroad requesting a cantilevered arm. The City objected to this testimony because it |4was not present at Officer Barrios’ deposition and did not have the opportunity to cross-examine him when the deposition was taken. Plaintiffs observed that the City had been properly notified that the deposition was being taken for all purposes, yet it failed to appear. The City requested that it be allowed to cross-examine Officer Barrios by deposition to be attached to the trial transcript since he was unavailable for trial due to illness. The trial court declined its request.
Based on its reasons for judgment it does appear that the trial court relied on Officer Barrios’ testimony in finding that the City had actual notice of the unreasonably dangerous condition of the crossing. However, such a finding was not necessary in order to hold the City hable. The facts support a finding of constructive notice even if such were required. Because this accident occurred in 1984, and La.R.S. 9:2800, limiting strict liability of governmental defendants, was not effective until 1985, notice is not required.
By its third assignment of error the City argues that the trial court erred in finding that it had notice of the unreasonably dangerous condition of the railroad crossing. A finding of notice is not required because this accident preceded the amendment of La.R.S. 9:2800 making notice an essential element for holding a public entity strictly hable. Nevertheless, where the record contains ample testimony that the unreasonably dangerous condition of the crossing persisted over an extensive period of time (9.5 years), constructive notice has been shown.
its fourth assignment of error the City argues that the trial court abused its discretion by its general damage award. The trial court presented ample reasons to sup-supa high award for general damages in-inthe close bonds between family mem-memand the emotional trauma experienced by both mother and daughter. The record reflects that Valerie Aime, who was a minor 15at the time, experienced nightmares and feels a void in her life ever since her father’s death. These feelings were especially acute *23 at such occasions as graduations (high school and college), holidays and her wedding. At her wedding she asked her father’s brother to give her away. The record also reflects that Mary Ann Aime experienced shock and depression for years after her husband’s death.
We do not find that the trial court’s award shocks the conscience and decline to disturb the trial court’s vast discretion as to general damages. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993).
For the foregoing reasons the trial court’s judgment is affirmed.

AFFIRMED.