I,WOODARD, Judge.
Mr. Joseph and Ms. Margie Ledet filed suit against his direct employer, Manpower Temporary Service (Manpower), and his statutory employer, Seasafe, Inc. (Sea-safe), alleging that Mr. Ledet suffered injuries because of an intentional tort. Continental Casualty Company (Continental), Manpower’s workers’ compensation insurer, paid him workers’ compensation benefits for his injuries and intervened in his suit, asking for reimbursement, from Sea-safe, for benefits it had paid. In turn, Seasafe filed a motion for summary judgment, seeking to dismiss Continental’s intervention, as it could not be considered to be a “third person” under La.R.S. 23:1101 since it was Mr. Ledet’s statutory employer. When the trial court denied the motion, Seasafe applied for a writ of review in this case. We converted the writ to an ordinary appeal. We affirm the trial court’s decision and deny Seasafe’s writ application.
:¡í # * * *
On March 3, 1995, the Ledets filed suit against Seasafe and Manpower, alleging that Mr. Ledet had been the victim of an intentional tort. Manpower had directly employed him beginning September 25, *613 1991 and assigned him to work at Seasafe as a temporary general laborer, along with its permanent employees. Specifically, he asserted that the toxic chemicals and resins, used in the manufacturing process at Seasafe, had injured him.
He ceased his employment about March 31, 1994 and made claims for workers’ compensation benefits, which Manpower and its workers’ compensation insurer, Continental, paid from that date. After he filed his suit against Seasafe, Continental intervened and sought to recover all the workers’ compensation benefits it had paid to him. Seasafe filed a motion for summary judgment against Continental, contending that it could not intervene to recover the benefits it had paid, as Seasafe was Mr. Ledet’s statutory employer.
The trial court denied Seasafe’s motion without reasons. Seasafe filed an application for writs, requesting this court to reverse the trial court’s decision. Upon review, we converted the writ application into an ordinary appeal and offered the parties an opportunity to submit additional briefs.
la* * * * *
Appellate courts review summary judgments de novo under the same criteria that governed the trial court’s consideration of whether or not summary judgment was appropriate.[1] Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law.[2]
La.Code Civ.P. art. 966 charges the moving party with the burden of proving that summary judgment is appropriate. In doing so, its supporting documentation must be sufficient to establish that no genuine issue of material fact remains to be decided.[3] Once the mover makes a prima facie showing that there is no genuine issue as to a material fact and that summary judgment should be granted, the burden shifts to the nonmover.[4] Furthermore, La.Code Civ.P. art. 967 provides, in pertinent part:
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleadings, but his responses by affidavits or otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
In summary, the threshold question in reviewing a trial court’s summary judgment is whether a genuine issue of material fact remains.[5] After which, we must determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment.[6] Thus, summary judgment is apropos when all 13relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the *614 legal conclusion to be drawn from the facts.[7]
Facts are material if they determine the outcome of the legal dispute.[8] The determination of the materiality of a particular fact must be made in light of the relevant substantive law.[9] If no material fact is in dispute, only a legal issue is presented.
Seasafe urges that, because of its statutory employer status, Continental has no right to seek reimbursement from it for compensation benefits which Continental paid. Continental counters that it does have that right under La.R.S. 23:1101(B)’s definition. of a “third person” definition.
This controversy appears to present a res nova issue. Namely, may the direct employer’s workers’ compensation insurer (Continental) intervene to recover, from a statutory employer, who has been sued for allegedly committing an intentional tort, benefits the insurer had paid?
There are two applicable statutes, La. R.S. 23:1032 and La.R.S. 23:1101. La.R.S. 23:1101 states:
A.When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to as “third person”) other than those persons against whom the said employee’s rights and remedies are limited in R.S. 23:1032, a legal liability to pay damages in respect thereto, the aforesaid employee or his dependents may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the said employee or his dependents, relations, or personal representatives against such third person, nor be regarded as establishing a measure of damages for the claim; and such employee or his dependents, relations, or personal representatives may obtain damages from or proceed at law against such third person to recover damages for the injury, or compensable sickness or disease.
B. Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit \iagainst such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents. The recovery allowed herein shall be identical in percentage to the recovery of the employee or his dependents against the third person and, where the recovery of the employee is decreased as a result of comparative negligence, the recovery of the person who has paid compensation or has become obligated to pay compensation shall be reduced by the same percentage.
C. For purposes of this Section, “third person” shall include any party who causes injury to an employee at the time of his employment or at any time thereafter provided the employer is obligated to pay benefits under this Chapter because the injury by the third party has aggravated the employment related injury.
D. (1) Any suit against a third person to recover amounts paid or obligated to be paid under the provisions of this Chapter or any intervention in an action against a third person involving an employee who has received or is receiving benefits under this Chapter seeking re *615 imbursement or credit for benefits paid or obligated to be paid under this Chapter shall be tried before a district court judge only.
(2) No suit brought under this Sub-part or incidental action seeking reimbursement of amounts paid shall be allowed in a pending action involving a trial before a jury; however, such a suit or incidental action seeking such reimbursement may be tried before the judge involved in the jury trial but outside the presence of the jury.
(Emphasis added.)
Under La.R.S. 23:1032, those persons against whom workers’ compensation is the employee’s exclusive remedy are the claimant’s employer; co-employees; principal; principal employer; partner, or employee of such employer; director; or stockholders of the employer or the principal. Normally, such persons cannot be considered to be a “third person” under La.R.S. 23:1101. However, because this is an intentional tort suit, La.R.S. 23:1032’s exclusivity provisions do not limit Mr. Le-det’s rights and remedies. Accordingly, we see no reason why Seasafe should not be treated as a “third person” and, thus, why Continental should not have the right to pursue its intervention.
Furthermore, there are strong public policy considerations which support this result. Mr. Ledet may enjoy a double recovery if we do not permit the intervention to proceed. More significantly, our law should encourage the recovery of workers’ | ^compensation benefits from those parties directly responsible for the injuries in order to lower the overall costs for workers’ compensation insurance[10] and further the goal of liberal payment of compensation benefits. Last, as a practical matter, there is little, if any, prejudice of such a decision on Seasafe. Assuming that it is obligated to pay damages for the intentional tort, whether it pays all of them to Mr. Ledet or a portion to Continental, the total amount, which it, ultimately, must pay for Mr. Ledet’s injuries is unchanged.
Accordingly, we affirm the trial court’s dismissal of Seasafe’s summary judgment motion against Continental.
CONCLUSION
We hold that Seasafe is a “third person,” pursuant to La.R.S. 23:1101, for purposes of Continental’s intervention and affirm the trial court’s decision; therefore, denying Seasafe’s writ application. We cast Seasafe with the costs.
WRIT DENIED.
DOUCET, C.J., concurs.
WOODARD, J., concurs and assigns written reasons.

. Schroeder v. Board of Sup’rs of La. State Univ., 591 So.2d 342 (La.1991); Soileau v. D & J Tire, Inc., 97-318 (La,App. 3 Cir. 10/8/97); 702 So.2d 818, writ denied, 97-2737 (La.1/16/98); 706 So.2d 979.

. La.Code Civ.P. art. 966(A).

. Townley v. City of Iowa, 97-493 (La.App. 3 Cir. 10/29/97); 702 So.2d 323.

. Id.

. Kumpe v. State, 97-386 (La.App. 3 Cir. 10/8/97); 701 So.2d 498, writ denied, 98-50 (La.3/13/98); 712 So.2d 882.

. Id.

. Id.

. Soileau, 702 So.2d 818.

. Id.

. See generally, St. Paul Fire & Marine Ins. Co. v. Whitmire, 578 So.2d 1180 (La.App. 5 Cir.1991).