11 JAMES F. MCKAY III, Judge.
Florence Reidling was seventy-three (73) years old when she underwent routine back surgery on July 81, 1998 at memorial Medical center. Her back surgery was uneventful and produced no complications. After a physician had signed a standing order form, a registered nurse prescribed and administered Sublimaze [1] which was an inappropriate medication in this instance. Soon thereafter, Mrs. Reidling suffered respiratory arrest. As a result of the respiratory arrest, Mrs. Reidling experienced profound and severe neurological deficits, which necessitated skilled nursing care until her death on May 23, 1999. After the respiratory arrest and before her death, Mrs. Reidling experienced a number of complications. She suffered from multiple decubiti (bed sores) as well as pneumonia. She required a feeding tube and the insertion of a foley catheter. It was also necessary that she have a permanent tracheotomy and that both of her feet be placed in splints.
Lawrence Reidling filed this medical malpractice suit naming as defendants: Roger D. Smith, M.D., Charles Benedetto, M.D., J. Saputo, CRNA, Jane Doe, RR.N., Lloyd F. Locasio, Sr., M.D. Memorial Medical Center Mercy Campus, and Tenet Health Systems Hospitals, Inc. (Tenet). On June 30, 2000, Mr. Reidling and Tenet agreed to a settlement in the amount of $104,976.66. On that same day, Mr. Rei-dling and the Louisiana Mutual Medical Insurance Company (LAMMICO), on behalf of Harmon Zepernick Medical Associates, APMC[2], agreed to a settlement in the amount of $100,000.00. On July 5, 2000, the trial court approved these settlements. Mr. Reidling, however, reserved his rights against the Louisiana Patient’s Compensation Fund (PCF) and filed a supplemental petition against the PCF for excess damages totaling $300,000.00, medical expenses totaling $163,224.71, plus judicial interest and costs.
On May 17, 2001, Mr. Reidling filed a motion for summary judgment, contending that the general damages in this case far exceeded $500,000.00. On July 17, 2001, the trial court granted summary judgment in favor of Mr. Reidling, finding as a matter of law that the liability of the Louisiana Patient’s Compensation Fund was established and the fault of the health care providers caused damage in excess of $500,000.00. The PCF now appeals from this judgment.[3]
In this appeal, the PCF raises the following assignments of error: 1) the lower court erred in granting the motion for summary judgment despite multiple material issues; 2) the lower court erred in concluding as a matter of law that Mr. Reidling’s claim for the death of his wife was worth $500,000.00; 3) the lower |3court erred in concluding that Mrs. Reidling incurred “conscious pain and suffering” despite specific factual evidence to the contrary; and 4) the lower court erred in concluding that Mrs. Reidling suffered loss of enjoyment of life.
*659 Appellate courts review summary judgment de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Sandifer v. Wise, 2000-0293 (La.App. 4 Cir. 2/7/01), 780 So.2d 1099. Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B).
Louisiana Code of Civil Procedure article 966 charges the moving party with the burden of proving that summary judgment is appropriate. In doing so, its supporting documentation must be sufficient to establish that no genuine issue of material fact remains to be decided. Townley v. City of Iowa, 97-493 (La.App. 3 Cir. 10/29/97), 702 So.2d 323. Once the mover makes a 'pri-ma facie showing that there is no genuine issue as to a material fact and that summary judgment should be granted, the burden shifts to the nonmoving party. Furthermore, Louisiana Code of Civil Procedure article 977 provides in pertinent part:
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleadings, but his responses by affidavits or otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
| ¿Based on the foregoing, summary judgment is apropos when all relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts. Kumpe v. State, 97-386 (La.App. 3 Cir. 10/8/97), 701 So.2d 498. Facts are material if they determine the outcome of the legal dispute. The determination of the materiality of a particular fact must be made in light of the relevant substantive law. Soileau v. D & J Tire, Inc., 97-318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818. If no material fact is in dispute, only a legal issue is presented. Ledet v. Seasafe, Inc., 2000-1205 (La.App. 3 Cir. 4/4/01), 783 So.2d 611.
In the instant case, Mr. Reidling compromised his claims against Harmon Zepernick and Tenet for $100,000.00 and $104,976.66, respectfully. Therefore, liability has been statutorily admitted and the petitioner may seek additional damages not to exceed $500,000.00 from the Louisiana Patient’s Compensation Fund.[4] See Pendleton v. Barrett, 95-2066 (La.5/31/96), 675 So.2d 720. The Louisiana Supreme Court has recognized that summary judgment is appropriate when a health care provider has paid $100,000.00 in settlement of a claim and when there was no factual dispute that the settling health care provider was one hundred percent at fault or that the fault of the health care provider caused damages far in excess of $500,000.00. Bramlet v. The Louisiana Patient’s Compensation Fund, 98-1728 (La.11/6/98), 722 So.2d 984. Accordingly, the only issue presented in the peti *660 tioner’s motion for summary judgment was whether there was a genuine issue as to whether Mr. And Mrs. Reidling’s damages exceeded $500,000.00.
1 ^Lawrence and Florence Reidling were married for approximately 53 years. The Reidlings first met when they were about 12 or 13 years old, and later married at the age of 18. They had no children. Theirs was an exceptionally close marriage; they went everywhere together, relied on each other for everything and greatly enjoyed their time together, including their crabbing and fishing trips. As stated earlier, Mrs. Reidling was 73 years old when she underwent back surgery at Memorial Medical Center on July 31, 1998. Her Back surgery produced no complications. After surgery, she was sent to recovery, where a registered nurse administered inappropriate medication to her. Mrs. Reidling then suffered respiratory arrest, which resulted in neurological damages that necessitated skilled nursing for ten months until her death on May 23, 1999.
In determining whether the Rei-dling’s damages exceeded $500,000.00, we must look at both Mr. Reidling’s wrongful death action as well as Mrs. Reidling’s survival action. The elements of a general damages award for wrongful death include loss of support and services, medical and funeral costs incurred, and loss of love and affection. The survivors of a decedent may also be awarded damages for their mental pain, suffering, and distress resulting from the death. Bryant v. Solomon, 97-2008 (La.App. 4 Cir. 3/25/98), 712 So.2d 145. Additionally, courts may award damages for pain and suffering of the decedent where there is evidence of pre-death pain or suffering. Bannerman v. Bishop, 28,-382 (La.App. 2 Cir. 7/2/96), 688 So.2d 570. In the instant case, the evidence in the record indicates that the Reidlings had an exceptionally close marriage and that they were completely devoted to each other. Mrs. Reidling’s damages resulting from the act lfiof malpractice were also quite extensive. The evidence in the record indicates that Mrs. Reidling endured conscious pain and suffering for the ten months prior to her death. In Aime v. Seaboard System R.R., 648 So.2d 20 (La.App. 4 Cir.1994), this Court affirmed a general damage award of $900,000.00 for the loss of a spouse. In a survival action, the Third Circuit Court of Appeal affirmed an award of $2,000,000.00 for twenty-six days of pain and suffering for a burn patient. Buckbee v. Aweco, Inc., 626 So.2d 1191 (La.App. 3 Cir.1993). Considering the length and nature of the Reidlings’ marriage as well as the extent and duration of Mrs. Reidling’s suffering, it is clear that the Reidlings’ damages exceeded $500,000.00.
For the foregoing reasons, we agree with the trial court. Accordingly, we affirm the trial court’s granting of summary judgment.
AFFIRMED.

. Sublimaze (fentanyl citrate) is a potent narcotic analgesic.

. Harmon Zepernick Medical Associates is an independent professional medical corporation that contracts with Memorial Medical Center to provide anesthesia services for the hospital.

.After summary judgment was rendered, the PCF paid the outstanding medical expenses totaling $153,224.71. Consequently, the medical expenses are not at issue in this appeal.

. Pursuant to the Louisiana Medical Malpractice Act, La. R.S. 40:1299.41, et seq., the liability of a single health care provider is limited to $100,000.00 for a medical malpractice victim's injury or death. Any damages in excess of $100,000 may be recovered from the PCF, but such damages may not exceed $500,000.00. Russo v. Vasquez, 648 So.2d 879 (La.1995).