## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-0861

KAREN UNKEL

VERSUS

W.O. MOSS REGIONAL HOSPITAL, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2001-5915
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## OSWALD A. DECUIR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Oswald A. Decuir, and Jimmie C. Peters, Judges.

**AFFIRMED.**

William M. Hudson, III
OATS & HUDSON
Gordon Square, Suite 400
100 E. Vermilion Street
Lafayette, LA 70501-0000
(337) 233-1100
Counsel for Defendants/Appellants:
    W.O. Moss Regional Medical Center
    Louisiana Department of Health & Hospitals
    Dr. Nguyen Nguyen

Henry A. Bernard, Jr.
OATS & HUDSON
Gordon Square, Suite 400
100 E. Vermillion Street
Lafayette, LA 70501-0000
(337) 233-1100
Counsel for Defendants/Appellants:
  W.O. Moss Regional Medical Center
  Louisiana Department of Health & Hospitals
  Dr. Nguyen Nguyen

Lisa Coleman Lee
Attorney at Law
1201 Capitol Access Road
Baton Rouge, LA 70821
(225) 342-0207
Counsel for Intervenor/Appellee:
  Medicaid Louisiana Department of Health & Hospitals

Michael G. Hodgkins
Attorney at Law
P. O. Box 4190
Lake Charles, LA 70606
(337) 474-2690
Counsel for Plaintiff/Appellee:
  Karen Unkel

**DECUIR, Judge.**

Karen Unkel filed this medical malpractice action against Dr. Nguyen Nguyen, W.O. Moss Medical Center, and the Louisiana Department of Health and Hospitals after sustaining injuries while hospitalized at Moss Regional. Summary judgment on the issues of liability and causation was granted in Unkel's favor and against the hospital and the State. Subsequently, the trial court awarded the statutory cap of $500,000.00 in damages, also via summary judgment, against the same defendants. Dr. Nguyen was dismissed. Both the defendants and Unkel have appealed, Unkel asserting the trial court erred in dismissing Dr. Nguyen, and the State and hospital arguing that material issues of fact remain which should have precluded both summary judgments. For the reasons which follow, we affirm.

In brief, the State and the hospital urge this court to reverse both the judgment rendered against them on the issues of liability and causation and the judgment awarding damages. Counsel for the defendants, however, has appealed only the March 28, 2003 judgment awarding damages. Consequently, the prior judgment wherein the State and the hospital were found to be liable for a breach in the standard of care which caused the plaintiff's damages is a final judgment and is not now before us for review.

On the issue of damages, the plaintiff's evidence reveals the following undisputed facts. Unkel was injured at the hospital when a fellow psychiatric patient attacked her, during which attack she sustained a serious blow to the head. The attacker was an inmate from the Calcasieu Parish jail. Unkel was transported to the emergency department of the hospital where she was examined and diagnosed with soft tissue injuries.

After two years of continuing problems, Unkel was diagnosed with, among other conditions, a subdural hematoma attributed to the injury received at Moss

Regional. Unkel then filed a medical malpractice claim asserting that hospital employees were negligent in failing to prevent the attack which resulted in her damages. Specifically, she asserted the hospital failed to follow its own rules and procedures to safeguard her from a violent, aggressive fellow patient. A medical review panel was convened. The panel ruled that the defendants were liable in medical malpractice and the malpractice caused the plaintiff's psychiatric and physical injuries. Specifically concerning Dr. Nguyen, however, the panel determined that his breach of the standard of care did not cause the plaintiff's injuries because he was not the attacker's treating physician. Following that decision, this suit was initiated.

The plaintiff, now in her 40s, has a long history of mental illness and depression for which she receives ongoing treatment. The medical records indicate that prior to the attack, Unkel was capable of attending college and had as her goal a nursing career. However, as a result of her continued problems after the injury at Moss Regional, Unkel was unable to finish college and is incapable of holding a job. This was the consensus of the professionals who evaluated Unkel after her injury; they included a neurologist, a physical medicine specialist, a neuropsychologist, and a vocational rehabilitationist. The medical records further indicate that in addition to the subdural hematoma, Unkel sustained a brain injury and lacerations in the attack, and she suffers from brain dysfunction, cognitive deficits, post-concussion syndrome with migraines, neck and back pain, and an exacerbation of preexisting major depression and anxiety disorders. Unkel presented evidence of past medical expenses totaling $108,596.78 and future medical costs estimated at $310,401.00. Unkel also offered the testimony of an economist who estimated her past lost wages, loss of earning capacity, and loss of household services to be in excess of $450,000.00. She urged the court to assess damages somewhere between $350,000.00 and $800,000.00 excluding future medical expenses.

2

Curiously, counsel for the State and the hospital presented no evidence whatsoever to refute the economic evaluations and damage estimates presented by Unkel. At the hearing on Unkel's motion for summary judgment concerning liability and causation, the defendants offered only the affidavit of Dr. Nguyen, which the trial court determined was both self-serving and factually unsupported; it was not admitted into evidence. At the hearing on damages, the defendants offered the affidavit of James Misko, a clinical psychologist from Texas who had reviewed Unkel's records. Portions of Misko's affidavit were stricken from the record as a result of the trial court's conclusion that his opinions on medical causation and medical diagnosis were beyond the expertise of a psychologist. Misko's affidavit did not pertain to damage quantification issues, but rather, his comments pertained primarily to causation. The defendants also offered the deposition testimony of Dr. Jake Hollen, the emergency room physician who treated Unkel at the time of the attack. His testimony likewise did not pertain to damages.

In a medical malpractice case, a court may resolve issues of liability and damages by summary judgment under appropriate circumstances. *Bijou v. Alton Ochsner Med. Found.,* 95-3074 (La. 9/5/96), 679 So.2d 893; *Reidling v. Smith,* 02-778 (La.App. 4 Cir. 9/18/02), 828 So.2d 656, *writ denied*, 02-2487 (La. 3/14/03), 839 So2d 34. Specifically, when a plaintiff's damages clearly exceed the statutory maximum of $500,000.00, summary judgment may be appropriately granted. *Bramlet v. La. Patient's Comp. Fund*, 98-1728 (La. 11/6/98), 722 So.2d 984. Summary judgment in such circumstances will "eliminate the need for unnecessary litigation on this particular issue, and further the courts' general interest in promoting judicial economy." *Bijou,* 679 So.2d at 897.

At the time of the summary judgment hearing, Article 967(B) of the Code of Civil Procedure provided that when a motion for summary judgment is made and

supported by competent evidence, "an adverse party may not rest on the mere allegations or denials of his pleading," but his response must set forth *specific facts* showing that there is a genuine issue for trial. The provision further explained, "If he does not so respond, summary judgment, if appropriate, shall be rendered against him."

In the present case, the defendants have failed to set forth any specific facts which would reveal a genuine issue for trial. In granting summary judgment, the trial court found Unkel had established clearly a prima facie case as to the extent of her damages. The court then found the defendants had not met their burden of proof in establishing that genuine issues of material fact remain. The court explained that reasonable minds could not disagree with the conclusion that Unkel's damages exceed the $500,000.00 cap, and the court awarded that amount plus past and future medical expenses. Upon review of the record, we conclude the trial court's findings were correct.

We decline to address Unkel's argument raised in brief wherein she contends the trial court erred in dismissing Dr. Nguyen because neither side requested his dismissal and the question of his fault was never litigated. Because Unkel did not formally answer the appeal as required by La.Code Civ.P. art. 2133, she is not entitled to the relief requested. Therefore, issues regarding Dr. Nguyen's liability are no longer at issue as his dismissal is final.

For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed to W.O. Moss Medical Center and the Louisiana Department of Health and Hospitals.

**AFFIRMED.**

4