JjJOAN BERNARD ARMSTRONG, Chief Judge.
The plaintiff, E. Mary Sims-Gale, (“Ms. Gale”), appeals from a partial summary judgment granted in favor of defendants, Cox Communications of Louisiana (“Cox”) and Randy Marshall d/b/a/ Marshall Cable (“Marshall”) dismissing her claims for lost earnings and/or loss of earning capacity subsequent to July 25, 1997. For the reasons that follow, we affirm.
Ms. Gale filed suit against the defendants for damages allegedly sustained as a result of a November 26, 1996 accident, when she claims to have tripped over a cable wire allegedly installed by Cox and/or Marshall, injuring her tailbone and re-injuring her left ankle.
Ms. Gale initially sought treatment with her primary care physician, Dr. Louise Becnel, and lost approximately one week from work [1]. Thereafter, Ms. Gale’s attorney referred her to Dr. David Jarrott, a neurosurgeon. She first saw Dr. Jarrott on April 21, 1997, when he diagnosed her as having neuralgia and an unresolved sprain of the left ankle, noting that she was morbidly obese. He | ¡¡recommended that she undergo an MRI, which showed on May 19, 1997 that Ms. Gale suffered from degenerative disc disease. The MRI results did not cause Dr. Jarrott to change his course of treatment for Ms. Gale.
On July 25, 1997, Ms. Gale called his office to report that she felt something “pop” in her back upon lifting a thirty-pound box while at work at her janitorial franchise business. Ms. Gale followed this phone call with an office visit on August 9, 1999, at which she presented with new complaints of radiating pain shooting down her hip into her leg. Dr. Jarrott. noted substantially more findings than had been present prior to the July 25, 1997 lifting incident and recommended that Ms. Gale enter a rehabilitation program and refrain from work. He assigned her a ten percent disability rating, attributing this and her inability to return to work to the symptoms that were manifested subsequent to the lifting incident and to her underlying disc disease.
After the taking of Dr. Jarrott’s deposition, Marshall filed a motion in which Cox joined for partial summary judgment seeking dismissal of Ms. Gale’s claims for lost wages and lost earning capacity. The trial court denied the motion. Following Dr. Jarrott’s updating deposition, Marshall re-urged its motion. On December 12, 2003, the trial court granted the motion, dismissing Ms. Gale’s claims for future lost earnings and/or lost earning capacity.
On December 19, 2003 Marshall filed a motion to amend the December 12, 2003 judgment, claiming that the judgment should have dismissed not only Ms. Gale’s claims of future lost earnings and lost earning capacity, but should have 13dismissed Ms. Gale’s claims of past lost earnings/lost earning capacity as well. Following a hearing on March 5, 2004, the trial court granted Marshall’s motion to amend the judgment, dismissing all claims by Ms. Gale for purported lost earnings and/or lost earning capacity subsequent to the July 25, 1997 date of her intervening on-the-job incident or accident. The trial court designated the judgment as a final judgment pursuant to La.C.C.P. art. 1915.
Ms. Gale argues in her sole assignment of error that the trial court erred because “a motion for summary judgment is not appropriate for disposition of cases requir *313 ing a judicial determination of subjective facts, such as motive, intent, good faith, or knowledge.”[2] Douglass v. Alton Ochsner Medical Foundation, 97-25, p. 6 (La.App. 5 Cir. 5/28/97), 696 So.2d 136, 138. She claims that the testimony of Dr. Jarrott was unclear on pivotal issues of material fact and that the portrayal of the box lifting incident as causal of anything beyond a few months of lost wages presents an issue of material fact to be determined at trial.
Appellate courts review summary judgments de novo under same criteria that govern the district court’s consideration of the appropriateness of summary judgment. Schroeder v. Board of Sup’rs of Louisiana State University, 591 So.2d 342, 345 (La.1991). Our review of the record shows that Dr. Jarrott could not state whether the underlying disc disease followed the original slip and fall injury, or whether it may have been in existence before that time. However, he did testify that the July 25, 1997 lifting incident produced the symptoms characteristic of a l4disc injury and that the symptoms that resulted from the lifting incident caused Ms. Gale to function at ten per cent less than normal capacity. When questioned in the updating deposition as to which condition contributed to the ten percent disability rating, Dr. Jarrott responded that the sequence of events is more likely than not consistent with the resolution of the original sprain and the development of a disc problem with signs, symptoms, and lingering discomfort from the box lifting incident. Dr. Jarrott further testified that it was not until after the July 25, 1997 lifting incident that he instructed Ms. Gale to refrain from working and to undergo lumbar rehabilitation. He verified that before July 25, 1997, he had placed no restrictions on her ability to work.
This testimony by Dr. Jarrott relating the plaintiffs inability to work and her disability rating to the July 25, 1997 lifting incident concerns objective, rather than subjective, facts. Therefore, it is clear under the summary judgment standard set forth in La.C.Civ.Pro. art. 966 that there is no genuine issue of material fact concerning Ms. Gale’s entitlement to recover damages for lost earnings/earning capacity subsequent to her July 25, 1997 intervening injury.
On a motion for summary judgment, once the mover negates a necessary element of the non-moving party’s claim, the burden then shifts to the non-moving party to produce factual support sufficient to establish that it will be able to satisfy its evidentiary burden of proof at trial; the non-moving party is not allowed to rely on the allegations of its pleadings in opposition to a properly supported motion for summary judgment. Moody v. City of New Orleans, 99-0708, pp. 1-2 (La.App. 4 Cir. 9/13/00), 769 So.2d 670, 671. Marshall and Cox present the medically uncon-troverted deposition testimony of plaintiffs own treating neurosurgeon, Dr. David Jar-rott, to support their claim that Ms. Gale did not suffer any lost earnings or loss of earning capacity subsequent to July 25, 1997 caused by her slip and fall accident of November 26, 1996. In opposition to the defendants’ motion, Ms. Gale relies on the allegations of her pleadings, argument of counsel and her own self-serving and factually unsupported affidavit stating her opinion that she sustained earnings loss and a loss of wage earning capacity after July 25, 1997 that she attributes to her November 1996 slip and fall accident. *314 This is not the type of factual support required to demonstrate that Ms. Gale will be able to meet her evidentiary burden of proof at trial to support her earnings loss claims. See Moody, 769 So.2d at 671. In Guichard v. Super Fresh/Sav-A-Center, Inc., 97-1573, pp. 4-5 (La.App. 4 Cir. 2/4/98), 707 So.2d 1013, 1015, we held:
Thus the defendant has succeeded in showing that there is no genuine issue of material fact, thereby shifting the burden to the plaintiff under the summary judgment law as it existed prior to the enactment of Act 483 of 1997. The burden is then on the plaintiff to show the existence of a genuine issue of material fact. The plaintiff may not satisfy this burden by resting on mere allegations or by filing self-serving conclusory affidavits which merely restate those allegations. The mere fact that the plaintiff contests a fact in her allegations is not sufficient to raise a genuine issue concerning those facts.
See also, Unkel v. W.O. Moss Regional Hospital, 2003-0861, p. 3 (La.App. 3 Cir. 12/10/03), 862 So.2d 487, 489; Stephens v. Southern Sweeping Services, 03-826, p. 7 (La.App. 5 Cir. 11/25/03), 862 So.2d 197, 201; and Hibernia Natl. Bank v. Antonini, 33,436, p. 9 (La.App. 2 Cir. 8/23/2000), 767 So.2d 143, 147.
Once the mover properly supports its motion for summary judgment, the failure of the nonmoving party to produce evidence of a material factual dispute mandates the granting of the motion. Babin v. Winn-Dixie Louisiana, Inc., 2000-0078, p. 4 (La.6/30/00), 764 So.2d 37, 39-40. In this case, Ms. Gale did not produce evidence adequate under our summary judgment standard to demonstrate the existence of a material factual dispute as to her entitlement vel non to damages for lost wages and lost earning capacity after July 25, 1997.
For the foregoing reasons, we must affirm the judgment of the trial court granting the motion for partial summary judgment in favor of Marshall and Cox.
AFFIRMED.

. Ms. Gale worked as a pay technician for the United States Department of Agriculture and operated a janitorial franchise business.

. We note that neither motive, intent, good faith nor knowledge is at issue in this partial summary judgment.