<u>NOT DESIGNATED FOR PUBLICATION</u>

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 1329

JOHN L. DAVIS

VERSUS

JAMES JUNEAU, AIG PROPERTY CASUALTY INSURANCE
COMPANY, INC. AND GEICO GENERAL INSURANCE COMPANY

*Judgment Rendered:* NOV 0 8 2024

\* \* \* \* \* \* \* \*

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. C706094, Section 22

The Honorable Beau Higginbotham, Judge Presiding

\* \* \* \* \* \* \* \*

| | |
|---|---|
| Edwin T. Murray<br>James Williams<br>Metairie, Louisiana<br>and<br>Walter R. Woodruff<br>Metairie, Louisiana | Counsel for Plaintiff/Appellant<br>John L. Davis |
| Joshua G. Keller<br>Colin L. Casciato<br>New Orleans, Louisiana | Counsel for Defendants/Appellees<br>James Juneau and AIG Property<br>Casualty Company |

\* \* \* \* \* \* \* \*

BEFORE:  WELCH, THERIOT, PENZATO, WOLFE, AND GREENE, JJ.

Theriot, J. Dissents and Assigns reasons
Wolfe, J. dissents without reasons

**PENZATO, J.**

John L. Davis appeals the 19th Judicial District Court's August 30, 2023 judgment, which granted summary judgment in favor of James Juneau and AIG Property Casualty Company ("AIG") and dismissed his claims against these defendants.[1] For the following reasons, we reverse the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

On March 25, 2021, John L. Davis filed a petition for damages wherein he named James Juneau, AIG, and Geico General Insurance Agency, Inc. ("Geico") as defendants.[2] Davis alleged that he was rear-ended by Juneau on June 11, 2020, on Clearview Parkway in Jefferson Parish and that he had suffered severe injuries to his neck and back as a result. Davis named AIG as Juneau's insurer and Geico as his own.[3] On May 17, 2021, Juneau and AIG filed an answer and affirmative defenses in response to Davis's petition. Davis filed a first supplemental and amended petition for damages on February 17, 2022.

On February 17, 2023, Juneau and AIG filed a motion for summary judgment wherein they asserted that Lisa Strate, an independent witness, had testified at a deposition that Juneau had rear-ended her, not Davis. Juneau and AIG argued that summary judgment should be granted because Davis would be unable to prove that Juneau rear-ended Davis. Davis failed to timely file an opposition to Juneau and AIG's motion for summary judgment.

A hearing on Juneau and AIG's motion for summary judgment was held on August 7, 2023. The trial court signed a judgment on August 30, 2023, granting

---

[1] AIG Property Casualty Company was incorrectly named as "AIG Property Casualty Insurance Company, Inc." in the initial petition.

[2] Although Davis named "James Juneau" as a defendant, it was subsequently determined that the individual accused of rear-ending Davis is named "Harrison James Juneau." We note that Juneau and AIG's initial answer was filed by "James Juneau" and AIG, which suggests that the error was not caught by either party until later in the proceedings. For ease of understanding, we will refer to Harrison James Juneau by his last name.

[3] Geico is not involved in this appeal.

2

Juneau and AIG's motion for summary judgment and dismissing Davis's claims against them with prejudice. This appeal by Davis followed.

## ASSIGNMENT OF ERROR

Davis contends the trial court erred in granting summary judgment in favor of Juneau and AIG because they failed to carry their burden of demonstrating the absence of factual support from which Davis would be able to carry his trial burden of proving, by a preponderance of evidence, either that Juneau hit the car Davis was driving, or that Juneau hit another car causing that car to hit the car Davis was driving. Davis argues that despite the well-established jurisprudential rule to the contrary, the trial court countenanced and credited the defendants' version of events by weighing the competing accounts contained on the record, and giving primacy over their version despite the fact that their account was contradicted in the document attached to their summary judgment submission.

## STANDARD OF REVIEW

The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action.[4] La. Code Civ. P. art. 966(A)(2). In reviewing the trial court's decision on a motion for summary judgment, this court applies a *de novo* standard of review using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. *Bass v. Disa Glob. Sols., Inc.*, 2019-1145 (La. App. 1 Cir. 6/12/20), 305 So.3d 903, 906, writ denied, 2020-01025 (La. 11/4/20), 303 So.3d 651.

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that

---

[4] We note that the motion for summary judgment at issue in this appeal was filed under La. Code Civ. P. art. 966 prior to its amendment by 2023 La. Acts No. 317, § 1, and 2023 La. Acts No. 368, § 1, which became effective on August 1, 2023.

there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(A)(3); *Bass*, 305 So.3d at 906.

The mover bears the burden of proving that he is entitled to summary judgment. However, if the mover will not bear the burden of proof at trial on the subject matter of the motion, he need only demonstrate the absence of factual support for one or more essential elements of his opponent's claim, action, or defense. See La. Code Civ. P. art. 966(D)(1). If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the nonmoving party must produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. P. art. 966(D)(1); *Bass*, 305 So.3d at 906. The failure to file an opposition to a motion for summary judgment does not automatically require that the motion be granted, as the initial burden of proof is on the mover. *Hawkins v. Hi Nabor Supermarket, LLC*, 2023-0978 (La. App. 1 Cir. 2/23/24), 387 So.3d 605, 608. If the mover fails in his burden to show an absence of factual support for one or more of the elements of the adverse party's claim, the burden never shifts to the adverse party, and the mover is not entitled to summary judgment. *LeBlanc v. Michael E. Powers Constr., Inc.*, 2021-0267 (La. App. 1 Cir. 10/18/21), 2021 WL 4844340, at *2.

In ruling on a motion for summary judgment, the trial court's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. A "genuine" issue is a triable issue, which means that an issue is genuine if reasonable persons could disagree; if, on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. *Bass*, 305 So.3d at 906-07.

## DISCUSSION

In his sole assignment of error, Davis essentially argues that Juneau and AIG failed to carry their initial burden of proving the lack of a genuinely disputed material fact.

Davis's claims in this case are based upon the defendants' alleged negligence. Louisiana courts have adopted a duty-risk analysis in determining whether to impose liability under the general negligence principles as set forth in the Civil Code. In order for liability to attach under the duty-risk analysis, the plaintiff must prove the following separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant failed to conform his conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiffs injuries (the scope of liability or scope of protection element); and (5) actual damages (the damages element). A negative answer to any of the elements of the duty-risk analysis prompts a no-liability determination. In an action to recover damages for injuries allegedly caused by another's negligence, the plaintiff has the burden of proving negligence on the part of the defendant by a preponderance of the evidence. *Jenkins v. Hernandez*, 2019-0874 (La. App. 1 Cir. 6/3/20), 305 So.3d 365, 371-72, writ denied, 2020-00835 (La. 10/20/20), 303 So.3d 315.

In the instant matter, it would be Davis's burden to prove at trial each of the above elements, including that Juneau's "substandard conduct" was a cause-in-fact of his injuries. In their motion for summary judgment, Juneau and AIG argued that there was no evidence that Juneau had rear-ended Davis other than Davis's own testimony. Juneau and AIG attached the following exhibits to their motion: (1) Davis's March 25, 2021 petition for damages; (2) Davis's deposition testimony; (3) Juneau's deposition testimony; (4) Strate's deposition testimony; (5) a portion of

5

Juneau and AIG's initial and supplemental responses to interrogatories and requests for production of documents; (6) the answer and affirmative defenses filed by "James Juneau" and AIG; and (7) the case management schedule for this matter. As stated above, Davis failed to timely file an opposition to Juneau and AIG's motion for summary judgment.[5]

In his deposition, taken before the motion for summary judgment was filed, Davis testified that the accident at issue happened while he was driving his girlfriend's leased Volkswagen Jetta ("the Jetta") east on Clearview Parkway, near its intersection with Airline Highway. He testified that he was stopped at a red light in a lane next to a turning lane when he was rear-ended by a Land Rover. He described the impact as a "quick punch" that moved his body forward and pushed his vehicle forward five to ten feet. According to Davis, he and the driver of the Land Rover pulled into a nearby Walgreens parking lot after the collision. He testified that there was a Jefferson Parish police officer in the parking lot and that the police officer was "flagged over." He did not mention the involvement of any drivers other than Juneau.

Juneau testified in his deposition that he was driving a 2017 Land Rover Discovery on Clearview Parkway when another vehicle cut in front of him. He alleged that he swerved into the left turning lane to avoid hitting that vehicle, slammed on his brakes, and struck a Chevy Malibu ("the Malibu") driven by a woman. Juneau testified that he and the driver of the Malibu pulled into the Walgreens parking lot nearby, as did Davis. According to Juneau, he only learned of Davis's alleged involvement after reaching Walgreens.[6] Juneau testified that he

---

[5] As previously noted, the failure to file an opposition to a motion for summary judgment does not automatically require that the motion be granted, as the initial burden of proof is on the mover. *Hawkins*, 387 So.3d at 608.

[6] Juneau initially asserted that when he hit the Chevy Malibu, the Chevy Malibu struck the Jetta. However, he clarified later that he did not actually witness the Chevy Malibu strike the Jetta.

and Davis exchanged information, but that the woman driving the Malibu said that she was fine and did not need to exchange information. He testified that the drivers did not call the police, but that a police officer happened to be in the Walgreens parking lot and checked on them.

Strate testified in her deposition that she was driving a Chevy Malibu eastward on Clearview Parkway alongside a turning lane when she was rear-ended by a black SUV.[7] She testified that there was no vehicle directly in front of her and that she was the "first at the light." She stated that she was looking straight ahead when she felt one impact, which she described as a "jolt," and asserted that she was not pushed into a Jetta or any other vehicle. Strate testified that she and the driver of the SUV pulled into a Walgreens parking lot and that she first saw the Jetta there. She stated that she spoke to the driver of the Jetta, but that she did not know his role in the accident. She also testified that the police were not called, but that there was a police officer at Walgreens that checked on them. Her car was not damaged and she suffered no injuries.

Davis argues on appeal that his petition and deposition testimony are competent summary judgment evidence that create a genuine issue of material fact.[8] Davis further argues that Juneau's initial discovery responses indicated that Juneau's vehicle came into contact with the Jetta driven by Davis. However, as noted by Davis in his brief, Juneau and AIG amended their response – having reserved their right to do so – to state that Juneau had struck a "2018 Chevy Malibu" before his and Strate's respective depositions.

Juneau and AIG assert that the deposition testimony of both Juneau and Strate established that neither rear-ended Davis. They argue that Davis failed to submit

---

[7] Strate initially identified the vehicle that struck her car as a black Range Rover but later clarified that it was actually a black Land Rover Discovery.

[8] Davis asserts that he identified a photograph of the driver of the Land Rover that hit him during his sworn deposition testimony. This photograph is not in the appellate record.

competent evidence to refute that testimony or create a genuine issue of material fact. They assert that Davis's "self-serving" testimony is not enough to create a genuine issue of material fact. In support of this argument, the defendants cite *Watkins v. Pierce*, 2019-0965 (La. App. 1 Cir. 7/8/20), 308 So.3d 716, 717, wherein the plaintiff claimed the defendant dentist committed malpractice and failed to provide her with the necessary information required for her to give an informed consent regarding her dental treatment. In support of their motion for summary judgment on the informed consent issue, the defendants submitted a consent form signed by the plaintiff. The plaintiff had not alleged fraudulent misrepresentation by the defendant dentist, although she argued she did not sign the written consent. *Id.* at 721. The trial court granted the defendants' motion for summary judgment, and this Court affirmed, finding the record showed that the plaintiff initially testified in her deposition that she signed the consent form, then stated that she did not. The Court held that this inconsistent and "self-serving" testimony was not the type of factual support required to demonstrate that the plaintiff would be able to meet her burden of proof at trial. *Id.* at 723.

Juneau and AIG also rely on *Sims-Gale v. Cox Communications of New Orleans*, 2004-0952 (La. App. 4 Cir. 4/20/05), 905 So.2d 311, wherein the defendants presented medically uncontroverted deposition testimony of plaintiff's treating neurosurgeon to support their motion for summary judgment seeking dismissal of the plaintiff's claims for lost earnings and lost earning capacity following a slip and fall accident. *Id.* at 312-13. In opposition to the defendants' motion for summary judgment, the plaintiff relied on the allegations of her pleadings, argument of counsel, and her own "self-serving" and factually unsupported affidavit stating her opinion that she sustained earnings loss and a loss of wage-earning capacity after the accident. *Id.* at 313. The Fourth Circuit Court of Appeal affirmed the granting of summary judgment in favor of the defendants,

finding the plaintiff did not provide the type of factual support required to demonstrate that she would be able to meet her evidentiary burden of proof at trial to support her earnings loss claims. *Id.* at 313-14.

Sworn testimony is "self-serving" when: (1) it is inconsistent with previous sworn depositions—with no explanation for the inconsistencies; (2) is offered after the motion for summary judgment was filed; and (3) claims to create an issue of material fact. *Dean v. De La Salle of New Orleans, Inc.*, 2021-0388 (La. App. 4 Cir. 12/21/21), 334 So.3d 425, 431; see also *Woods v. Winn-Dixie Stores, Inc.*, 2022-0191 (La. App. 1 Cir. 9/16/22), 353 So.3d 182, 188 n.4. Davis's deposition testimony is not "self-serving" under the above criteria. Davis's deposition was taken prior to the filing of the motion for summary judgment and was offered by the defendants in support of their motion, urging that there were no issues of material fact. Additionally, Davis's deposition testimony is not inconsistent with previous sworn testimony nor is his deposition testimony regarding the event internally inconsistent. Thus, his testimony is not "self-serving;" rather, it differs from the deposition testimony of Juneau and Strate.

Davis testified that he was stopped at a red light when he was rear-ended by a Land Rover, whereas Juneau testified that he struck a Chevy Malibu that may or may not have struck a Jetta, and Strate testified that she was rear-ended by a black SUV and was not pushed into a Jetta or any other vehicle.[9] Juneau's and Strate's

---

[9] We reject the argument that Davis's testimony is insufficient to create a genuine issue of material fact because it is uncorroborated. In *McDowell v. Feldman*, 2021-0462 (La. App. 1 Cir. 12/22/21), 341 So.3d 71, 73, writ denied, 2022-00158 (La. 3/15/22), 334 So.3d 394, a case involving a slip and fall at a medical clinic, the defendant owners filed a motion for summary judgment asserting the plaintiff could not establish liability because she had conceded in her deposition that she did not know what caused her to fall and she did not see anything on the steps prior to her fall. The defendant owners also highlighted the plaintiff's admission that she did not have any evidence that anyone at the medical clinic knew about a hazardous condition on the entrance steps. In opposition to the motion for summary judgment, the plaintiff pointed to different excerpts in her deposition testimony where she stated that a few days after she fell, she went back and saw "green stuff" in the area where she slipped. *Id.* at 75. This Court found that the plaintiff's "self-serving" deposition testimony regarding the presence of slime in the area where she slipped was not corroborated by evidence that the owners knew or should have known of the existence of slimy mold or mildew on the steps leading to the entrance of the medical clinic. Therefore, the defendant owners were

testimony are consistent with Davis's that all three drivers were present in the Walgreens parking lot after the accident.

In granting summary judgment, it appears the trial court weighed the conflicting testimony and found Juneau's and Strate's testimony more credible, which is disallowed in a motion for summary judgment. See *Crockerham v. Louisiana Medical Mutual Insurance Company*, 2017-1590 (La. App. 1 Cir. 6/21/18), 255 So.3d 604, 611.

Upon our *de novo* review of the evidence submitted by Juneau and AIG in support of their motion for summary judgment, we find that the defendants failed to meet their initial burden of pointing out an absence of factual support for Davis's claims. The evidence submitted by Juneau and AIG reveals that there are genuine issues of material fact as to whether Juneau's vehicle collided with Davis's vehicle or Strate's vehicle, which then struck Davis's vehicle. Accordingly, because we cannot say, as a matter of law, that there are no genuine issues of material fact as to whether Davis was rear-ended by Juneau or anyone else, we find the trial court improperly granted Juneau and AIG's motion for summary judgment.

**DECREE**

For the above and foregoing reasons, the 19th Judicial District Court's August 30, 2023 judgment, which granted summary judgment in favor of and dismissed John L. Davis's claims against James Juneau and AIG Property Casualty Company, is reversed. Costs of this appeal are assessed to James Juneau and AIG Property Casualty Company.

**REVERSED.**

---

entitled to summary judgment as a matter of law. *Id.* at 76. The facts herein are clearly distinguishable. As discussed infra, Davis's deposition testimony is not internally inconsistent. Moreover, in *McDowell*, the plaintiff's testimony was offered after the defendant owners had met their initial burden that she would be unable to prove knowledge of a hazardous condition. Here, we find Juneau and AIG failed to meet their initial burden.

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 1329

JOHN L. DAVIS

VERSUS

JAMES JUNEAU, AIG PROPERTY CASUALTY INSURANCE COMPANY, INC. AND GEICO GENERAL INSURANCE COMPANY

**THERIOT, J., dissenting with reasons.**

I disagree with the majority's finding that the trial court improperly granted summary judgment in favor of Juneau and AIG. I find that Juneau and AIG presented sufficient evidence to point out an absence of factual support for one or more elements essential to Davis's claim. I further find that Davis failed to produce factual support sufficient to establish the existence of a genuine issue of material fact and defeat the defendants' motion for summary judgment.

If the mover will not bear the burden of proof at trial on the subject matter of a motion for summary judgment, the moving party need only demonstrate the absence of factual support for one or more essential elements of his opponent's claim, action, or defense. La. Code Civ. P. art. art. 966(D)(1). If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the nonmoving party must produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. P. art. 966(D)(1); *Bass v. Disa Glob. Sols., Inc.*, 2019-1145 (La. App. 1

Cir. 6/12/20), 305 So.3d 903, 906, <u>writ denied</u>, 2020-01025 (La. 11/4/20), 303 So.3d 651.

When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. La. Code Civ. P. art. 967. A plaintiff may not satisfy his burden on summary judgment by relying on allegations and uncorroborated, self-serving testimony in response to the defendant's properly made and supported motion for summary judgment. *Caminita for & on Behalf of Caminita v. Roman Cath. Church of Archdiocese of New Orleans*, 20-54 (La. App. 5 Cir. 7/8/20), 299 So.3d 1269, 1272; *Cavet v. Louisiana Extended Care Hosp.*, 47,141 (La. App. 2 Cir. 5/16/12), 92 So.3d 1122, 1131 (finding that the plaintiff would be unable to meet the burden of proving that the incident even occurred); *Laizer v. Kosarek*, 2009-0277 (La. App. 4 Cir. 6/24/09), 16 So.3d 442, 447 (granting summary judgment against a plaintiff who failed to submit proof that the defendant's conduct was the legal cause of his injuries, and thus failed to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial).

Juneau and AIG argued in their motion for summary judgment that Davis could not prove that he was rear-ended by Juneau. They presented the deposition testimony of Davis, Juneau, and Strate in support of their motion for summary judgment. Relevantly, Juneau testified that he was driving a 2017 Land Rover Discovery on Clearview Parkway when he struck a Chevy Malibu driven by a woman. Strate testified that she was driving a Chevy Malibu on Clearview Parkway when she was rear-ended by a black SUV. Strate testified that she was the first vehicle at the light and that she was not pushed into any other vehicle.

Juneau and Strate's respective deposition testimony establishes that Juneau's vehicle collided with Strate's vehicle and neither driver rear-ended Davis. Their testimony pointed out the absence of factual support to demonstrate that Davis was involved in the accident at all. Thus, the burden shifted to Davis to produce factual support sufficient to establish the existence of a genuine issue of material fact.

The only evidence presented to dispute Juneau and Strate's assertions was Davis's deposition testimony, wherein he testified that he was driving a Volkswagen Jetta on Clearview Parkway when he was rear-ended by a Land Rover. He did not mention the involvement of any drivers aside from Juneau, including Strate. Davis's testimony was not corroborated by any evidence establishing that he was rear-ended by Juneau or anyone else. In other words, Davis's testimony is the only evidence of his involvement in the accident at all. Accordingly, I would find that Davis failed to produce evidence sufficient to establish a genuine issue of material fact to defeat the defendants' motion for summary judgment.