713 So.2d 802 (1998)
Carlos B. CROCKETT and Liz Crockett
v.
Ilda CARDONA, et al.
No. 97-CA-2346.
Court of Appeal of Louisiana, Fourth Circuit.
May 20, 1998.
*803 Stephen C. Juan, New Orleans, for Plaintiffs/Appellees.
Christopher L. Lawler, Joseph F. d'Aquin, III, Donovan & Lawler, Metairie, for Defendants/Appellants.
Before BARRY, ARMSTRONG, PLOTKIN, JONES and LANDRIEU, JJ.
PLOTKIN, Judge.
The first issue in this appeal is whether or not a car accident was the legal cause of plaintiff suffering mental anguish because her prospective husband was late for their wedding due to his involvement in the car accident. We hold that the car accident was not the legal cause of plaintiff's injury. The second issue in this appeal is whether a plaintiff, who is not a direct victim, bystander or in a special category of jurisprudence, may recover for negligent infliction of emotional distress. We hold that a plaintiff, unrelated to the victim, who suffers mental anguish caused by a negligent motorist, but is not directly involved in the accident, or a bystander, may not recover damages.
Defendants, Ilda and Angel Cardona and Allstate Insurance Company, appeal the award of damages to plaintiff, Mrs. Liz Crockett (nee Liz Utley). They aver that she is not entitled to recover for her mental anguish under La. C.C. art. 2315.6 or under general tort liability based on La. C.C. art. 2315. For the following reasons, we reverse.

FACTS:
On July 1, 1995, at 2:30 pm, Carlos Crockett was driving to his home to prepare for his wedding which was scheduled to begin at 4:00 pm that day. Unfortunately, defendant, Angel Cardona made an illegal left turn and struck the car driven by Crockett. As a result of the accident, Crockett was injured and arrived approximately 1½ to 2 hours late for his own wedding.
Since Mr. Crockett did not arrive at the church until approximately 5:15 pm, the wedding ceremony did not begin until around 5:45 pm. He testified that by the time he arrived, some guests had already left. He further stated that this delay caused the reception to be postponed as well. Because the caterers brought the food for the correct time, it was cold and untasty by the time it was actually served. Mr. Crockett testified further that he and his wife were forced to cancel their honeymoon.
Mrs. Crockett testified that on her wedding day, prior to the wedding ceremony, her soon to be mother-in-law entered the room where she was waiting and informed her that Mr. Crockett had been in a car accident. Mrs. Crockett stated that she was worried about her husband and upset by his injuries, but that she did not witness the accident or visit the scene. She testified that her wedding day was planned for months and had been utterly ruined due to the delay. She also stated that instead of taking the honeymoon as planned by her and her husband, they stayed home and she tended to his injuries.
*804 The trial court awarded Mr. Crockett $10,000 for his damages and also awarded Mrs. Crockett $10,000 for her mental anguish. Relief for both plaintiffs was based on La. C.C. art. 2315. Defendants appeal that portion of damages awarded to Mrs. Crockett only.

DISCUSSION:

A. Negligence:

The trial court awarded plaintiff damages based on La. C.C. art. 2315. To prevail in a negligence action, the plaintiff must prove: (1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform his or her conduct to the appropriate standard; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; (5) actual damages. Hill v. Lundin & Associates, 260 La. 542, 256 So.2d 620 (1972).
It is undisputed that defendant Cardona, the operator of the automobile, made an illegal left turn. He failed to exercise reasonable care to keep his vehicle under control and failed to maintain a proper look out. Thus, the defendant owed a specific duty to Mr. Crockett which was breached when he unreasonably operated his motor vehicle by making an illegal left turn.
The trial court found and we agree that Mr. Cardona's breach of duty was the cause-in-fact of both plaintiffs' injuries. Louisiana employs, as the primary analysis of causation, the "but for" or the "substantial factor" tests. St. Hill v. Tabor, 542 So.2d 499, 502 (La.1989). If Mr. Cardona had not made an illegal left turn, he would not have struck Mr. Crockett's car, who would not have been late for his wedding and Mrs. Crockett would not have suffered emotional distress. Thus, the Crocketts would not have sustained any damages but for Cardona's breach of duty. Therefore, the cause-in-fact element was proven.
The issue of legal cause presents the most difficult aspect of this case. Courts and commentators have struggled to define and apply the concept. Pitre v. Opelousas General Hospital, 530 So.2d 1151 (La.1988); Galligan, A Primer on the Patterns of Negligence, 53 La. L.Rev. 1509 (1993). The term "legal cause" defines the scope of liability or protection, i.e. whether the particular plaintiff should be included in the group of people protected from a particular harm. Mathieu v. Imperial Toy Corp., 94-0952 (La.11/30/95), 646 So.2d 318, 322. This inquiry is used when the matter presents a novel issue of liability. In Pitre v. Opelousas General Hospital, 530 So.2d 1151 (La.1988), the Louisiana Supreme Court discussed the history of legal cause in Louisiana and other jurisdictions. It identified the need for policy considerations when determining if liability should be imposed. It found that if the objective policy maker would consider moral, social and economic factors when governing a particular case, than the court should too. Id. at 1161. For example, to determine the scope of duty, a court should consider the cost to the defendant of avoiding the risk and the social utility of the plaintiff's conduct at the time of the accident. Oster v. Department of Transportation and Development, State of Louisiana, 582 So.2d 1285, 1289 (La.1991). It also looked at foreseeability, but warned that this inquiry should be made with foresight in mind, not hindsight. Furthermore, Fowler v. Roberts, 556 So.2d 1, 7 (La.1989) elaborated on the need to determine the scope of protection when deciding if there is legal cause. The court noted that at times, the cause-in-fact element would allow an inordinate number of claimants to seek damages. Therefore, the scope of liability must be determined on the specific facts to preclude certain people from recovering when they fall outside the scope of protection. Also, in Persilver v. Louisiana Department of Transportation, 592 So.2d 1344, 1349 (La.App. 1 Cir.1991) the court found that the determination of scope of protection is not a categorical rule, but rather, is to be determined on a case-by-case basis. This is necessary because seldom does a rule of law protect every potential victim even if the violation of the law played a role in producing the injury. If all victims were extended protection from harm, there would be no need to look further than the cause-in-fact element.
*805 Many Louisiana courts, applying a legal cause analysis, have denied plaintiffs' recovery after examining specific risks, and asking the question of how easily the risk of injury to plaintiff can be associated with the duty sought to be enforced. Fowler v. State Farm Fire & Casualty Insurance Co., 485 So.2d 168 (La.App. 2 Cir.), writ denied, 487 So.2d 441 (La.1986) (defendant locking herself and plaintiff on balcony was not the legal cause of injury sustained by plaintiff when he jumped off balcony and broke his leg); Freeman v. Julia Place Limited Partners, 95-0243 (La.App. 4 Cir. 10/26/95), 663 So.2d 515, writ denied, 95-2808 (La.1/26/96), 666 So.2d 680 (defendant's negligent upkeep of security gate was not the legal cause of injury sustained by plaintiff when he tried to climb over gate to gain entrance and injured his arm); Carter v. Smith, 607 So.2d 6 (La.App. 2 Cir.1992) (defendant's negligent operation of school bus was not the legal cause of damages sustained by plaintiff when she lost her job because the person for whom she cared was too afraid to ride in the car with her after the accident).
Thus, as to Mrs. Crockett's emotional distress damages, we shall apply the legal cause analysis. Strong public policy considerations influence our judgment. Although the Louisiana legislature and courts permit recovery for intentional and negligent infliction of emotional distress, it limits recovery by imposing strict guidelines. Lejeune v. Rayne Branch Hospital, 556 So.2d 559 (La.1990); Clomon v. Monroe City School Board, 572 So.2d 571 (La.1990); La. C.C. art. 2315.6. The intent of the legislature and courts is to limit the class of claimants and prevent false claims. This policy protects the court's time and limited resources. Although Mr. Cardona's illegal left turn was negligent and the cause-in-fact of Mrs. Crockett's injuries, it was not foreseeable that the risk of harm would extend to a prospective bride who was awaiting the arrival of the groom on their wedding day, and it was not the legal cause of Mrs. Crockett's mental distress.

B. Negligent Infliction of Emotional Distress:

We now briefly address the specific test for negligent infliction of emotional distress irrespective of our finding that Mrs. Crockett is not entitled to relief.
It is well established in Louisiana jurisprudence that a claim for negligent infliction of emotional distress unaccompanied by physical injury is viable. In addition to satisfying the La. C.C. art. 2315 test, some cases have entailed extraordinary factual scenarios and recovery has been limited to cases involving the likelihood of real and serious mental distress arising from the particular circumstances. Moresi v. State of Louisiana, Through the Department of Wildlife & Fisheries, 567 So.2d 1081 (La.1990) (clarifying the circumstances where mental distress damages may be recovered because of the likelihood of emotional distress). We do not find the facts of this case so extraordinary to warrant recovery under this tort theory.

C. The Article 2315.6 Standard:

The trial court made clear that liability was being based strictly on the La. C.C. art. 2315 negligence standard. However, we will briefly address the La. C.C. art. 2315.6 standard for liability because defendant-appellant presents us with this issue in its brief.
Under La. C.C. article 2315.6, one can recover mental anguish damages for the negligent injuring of a third person. The legislature has put strict limits on who can recover and under what circumstances recovery is permitted. This is because it is not feasible or equitable to hold a defendant liable to virtually every person who may agonize over the injuries sustained by another. In the instant case, the Crocketts were not yet married, which takes Mrs. Crockett out of consideration for La. C.C. art. 2315.6 damages because she does not fulfill the required family relation element. Furthermore, she did not view the accident or come on the scene soon thereafter. Also, there is no evidence to suggest that her mental anguish is severe or debilitating. Therefore, article 2315.6 is not applicable in the instant case.

D. Negligent interference with a contract:

Again, Mrs. Crockett did not seek recovery under the theory of negligent interference *806 with a contract, but since defendant-appellant addresses this cause of action in its brief, we too will address it. By law, marriage is a contract in Louisiana. Simply put, Louisiana does not allow and never has allowed recovery for the negligent interference with contractual relations. PPG Industries, Inc. v. Bean Dredging, 447 So.2d 1058, n. 1 (La.1984).

CONCLUSION:
For the foregoing reasons, we reverse the judgment of the trial court granting Mrs. Crockett damages for her mental anguish and dismiss her claim. Under the La. C.C. art. 2315 analysis, it was not foreseeable that the risk involved in causing a car accident would extend to a prospective bride who was awaiting the arrival of the groom. The defendant was not the legal cause of Mrs. Crockett's mental distress. Each party is to bear their own court costs.
REVERSED AND RENDERED.
JONES, J., dissents with reasons.
JONES, Judge, dissenting with reasons.
The majority concludes that the Plaintiff in this case is not entitled to damages under LSA-C.C. art. 2315. For the reasons that follow, I do not join the majority.
Under a duty-risk analysis of the facts, coupled with the literal language of LSA-C.C. art 2315, the trial court determined that the Plaintiff was entitled to damages. The trial court recognized the Plaintiffs' unique circumstances at the time of the accident. The accident occurred minutes prior to the Plaintiff's marriage ceremony. Although Liz Crockett was not in the car during the accident, the proximity of the accident to her wedding ceremony placed her in a unique class of claimants to whom the trial court is justified in awarding damages where appropriate.
I do not disagree with the standard dictated by the majority; however, I am not convinced that the scope of liability as determined on the specific facts of this case preclude Liz Crockett from recovering damages by placing her outside the scope of protection.