1 .BYRNES, Judge.
Relator-defendant, Entergy New Orleans, Inc. seeks supervisory review of the trial court’s denial of its summary judgment motion to be dismissed from this litigation.
Plaintiff-respondent, Luzita Davis filed suit for damages arising out of a fire in which her son died. Named as defendants were Cindy Preferred D/B/A Cindy Place Apartments, its insurer, Allstate Insurance Company, Valerie Andrews, and the relator, Entergy New Orleans, Inc.
In her deposition, Ms. Davis said that at 4:30 p.m. on Friday evening, the day before the fire she called the utility company to ask that her electric service be transferred from her previous address to her new apartment where she was in the process of moving in. This testimony contradicts a statement given by Ms. Davis in an earlier affidavit where she stated that her request was made on Saturday, February 11,1989, the day of the fire.
For purposes of evaluating relator’s motion for summary judgment we will make no determination concerning Ms. Davis’ credibility. We will therefore, proceed as though her deposition testimony is true concerning the date she requested that the electrical services be turned on in her apartment.
| ¿The crux of Ms. Davis’ claim against relator is that relator caused the fire because the lack of electricity necessitated the use of candles which led to the fire. Assuming for purposes of argument that Entergy failed to turn on the power to plaintiffs apartment as plaintiff, alleges Entergy promised to do, it is not the legal cause of the fire. Crockett v. Cardona, 97-2346 (La.App. 4 Cir. 5/20/98); 713 So.2d 802, and cases cited therein. Assuming that Entergy had a duty to turn on the power prior to the fire, the breach of that duty is not a legal cause of the fire.
The fact that the lack of electricity preceded the fire, does not make it a legal cause of the fire. We reject this “post hoc” argument. Polk v. Blanque, 93-1740 (La.App. 4 Cir. 3/15/94); 633 So.2d 1382, 1387, writ denied 94-0923 (La. 5/20/94); 637 So.2d 484.
Accordingly, we grant the relator’s request for supervisory review, reverse the judgment of the trial court, and render judgment granting relator’s motion for summary judgment, dismissing relator from this suit.
WRIT GRANTED; JUDGMENT REVERSED AND RENDERED.