Judge Terri F. Love
This appeal arises from the death of a minor child while in foster care. The parents of the minor child contended that the coroner negligently disposed of their son's body. The coroner filed a motion for summary judgment, which the trial court granted, dismissing their claims.
We find that the coroner demonstrated that the parents would be unable to meet their burden of proof at trial and that no genuine issues of material fact exist. As such, the trial court did not err by granting the coroner's motion for summary judgment. The judgment of the trial court is affirmed.
FACTUAL BACKGROUND AND PROCEDURAL HISTORY
Patrick Simmons, Sr. and Crystal Simmons were the parents of Eli Simmons, a *703 physically and mentally disabled minor child. The State of Louisiana, Department of Children and Family Services ("DCFS") removed Eli and his three siblings from their home. Eli was placed in foster care. Eli passed away while in foster care.
Eli's body was placed in the custody of the Orleans Parish Coroner on April 8, 2013. The Coroner performed an autopsy of Eli on April 10, 2013. The minute entry in juvenile court[1] on April 9, 2013, notes that Eli's parents requested that Eli not be buried because they wanted to obtain an independent autopsy. The juvenile court ordered DCFS not to have Eli buried until after the independent autopsy. The October 15, 2013 minute entry from juvenile court states that the parents were no longer requesting an independent autopsy, and that Eli's body could be released for burial. On December 10, 2013, in juvenile court, the minute entry indicates that if the Simmons' attorney could not secure an appropriate burial by January 14, 2014, then the juvenile court judge would order DCFS to pay for Eli's burial. In the January 14, 2014 case review hearing, the juvenile court noted that DCFS was working with the Simmons on a proper burial for Eli. DCFS then telephoned the Coroner on January 27, 2014, 294 days after his death, to request the release of Eli's remains. However, the Coroner informed DCFS that Eli's remains were already buried.
The Simmons, their three remaining minor children, and Southeast Louisiana Legal Services/Children's Legal Services Project (collectively "the Simmons") filed a Petition for Damages against 1) State of Louisiana, Department of Social Services, Office of Community Service; 2) DCFS; 3) Dr. Frank Minyard/Jeffrey Rouse; 4) Orleans Parish Coroner's Office; 5) Saundra Hayes; 6) Brenda Scott; 7) Charrlyse Sandifer; 8) Karen Cross-Caesar; 9) the foster parents; 10) insurer of the foster parents; and 11) the Coroner's Office insurer. The Simmons filed a Supplemental and Amended Petition, which added Drs. Minyard and Rouse in their personal and official capacities, Orleans Parish Government, and their respective insurers as defendants. The Simmons alleged gross negligence and sought damages for wrongful death, survival, loss of consortium, and intentional and/or negligent infliction of emotional distress, among others. The second Supplemental and Amended Petition added the City of New Orleans and its insurer as defendants.
Approximately three years later, the Coroner filed a Motion for Summary Judgment contending that the Simmons lacked factual support for their claims. The trial court found that the Simmons lacked legal interest in Eli's remains, granted the Coroner's Motion for Summary Judgment, and dismissed the Coroner with prejudice. The Simmons' Motion for Devolutive Appeal followed.
The Simmons aver that the trial court erroneously considered improper summary judgment evidence, that genuine issues of material fact remain, and that the trial court should not have dismissed them by finding ex proprio motu that Mr. and Mrs. Simmons had no legal interest in Eli's remains.
MOTION FOR SUMMARY JUDGMENT
"The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." La. C.C.P. art. 966(A)(2). "The procedure *704 is favored and shall be construed to accomplish these ends." Id. "[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). "The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." La. C.C.P. art. 966(A)(4).
"The burden of proof rests with the mover." La. C.C.P. art. 966(D)(1). However, "if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden ... does not require him to negate all essential elements of the adverse party's claim." Id. Instead, the mover must "point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." Id. The burden then shifts to "the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." Id. "All evidence and inferences drawn from the evidence must be construed in the light most favorable to the party opposing the motion." Transworld Drilling Co. v. Texas Gen. Res., Inc. , 604 So.2d 586, 589 (La. App. 4th Cir. 1992).
"An appellate court reviews the granting of a motion for summary judgment with the de novo standard of review." Filmore Parc Apartments II v. Foster , 16-0568, pp. 3-4 (La. App. 4 Cir. 2/15/17), 212 So.3d 621, 624. This Court uses "the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law." Supreme Servs. & Specialty Co., Inc. v. Sonny Greer, Inc. , 06-1827, p. 4 (La. 5/22/07), 958 So.2d 634, 638. "In determining whether an issue is 'genuine,' courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence." Smith v. Our Lady of the Lake Hosp., Inc. , 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751. "A fact is 'material' when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery." Id.
NEGLIGENT/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
The parties agreed at oral argument before this Court that the only claim at issue on appeal is based on negligent infliction of emotional distress ("NIED").
To prevail on a negligence claim, Louisiana law requires that the plaintiff prove:
(1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform his or her conduct to the appropriate standard; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; (5) actual damages.
Crockett v. Cardona , 97-2346, p. 3 (La. App. 4 Cir. 5/20/98), 713 So.2d 802, 804.
"A plaintiff can recover for unintentional or negligent infliction of emotional distress unaccompanied by physical injury." Succession of Harvey v. Dietzen , 97-2815, p. 8 (La. App. 4 Cir. 6/24/98), 716 So.2d 911, 916. "[R]ecovery for such claims has been controversial or limited by special *705 rules in some jurisdictions." Vallery v. S. Baptist Hosp. , 630 So.2d 861, 866 (La. App. 4th Cir. 1993). However, NIED is "well established" in Louisiana jurisprudence. Id. Nonetheless, "an independent tort of negligent infliction of emotional distress is not recognized." Succession of Harvey , 97-2815, p. 9, 716 So.2d at 916.
"For a cause of action for intentional or negligent infliction of emotional distress, there must be proof that the defendant violated some legal duty to the plaintiff, and the plaintiff must meet the heavy burden of proving outrageous conduct by the defendant." Id. , 97-2815,p. 10, 716 So.2d at 917. "[P]laintiff must show an 'especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious.' " Doerr v. Mobil Oil Corp. , 04-1789, p. 8 (La. App. 4 Cir. 6/14/06), 935 So.2d 231, 237, quoting Moresi v. State Through Dep't of Wildlife and Fisheries , 567 So.2d 1081, 1096 (La. 1990).
The Coroner attached the following to its Motion for Summary Judgment: 1) the Coroner's report on Eli; 2) Coroner's office day record; 3) answers and responses to interrogatories; 4) the Simmons' responses to Coroner's requests for admissions; 5) an e-mail regarding discovery to and from opposing counsel; 6) minute entries from the juvenile court proceedings regarding the Simmons' four children; 7) an e-mail regarding a cemetery diagram; and 8) the affidavit of Ben Biller, one of the attorneys representing the Coroner. In opposition, the Simmons attached excerpts from Patrick Simmons and Crystal Simmons' depositions.
The Simmons contend that the Coroner attached inappropriate documents to its Motion for Summary Judgment. Specifically, the Simmons objected to the introduction of the Coroner's report, the Coroner's office day record, and the minute entries from juvenile court because the documents were not certified. Conversely, the Coroner avers that the documents qualify as pleadings or attachments to pleadings, which constitute competent summary judgment evidence.
This Court held that "[d]ocuments may be considered in support of a motion for summary judgment if they are attached to a pleading that is in the record." Hunt Petroleum Corp. v. Texaco, Inc. , 04-0729, p. 4 (La. App. 4 Cir. 12/1/04), 891 So.2d 36, 39. We reasoned that "[u]nder La.C.C.P. arts. 852 and 853, the documents filed with the School Board's motion for summary judgment were parts of the pleading, and under La.C.C.P. art. 966, were properly considered by the trial court when ruling on the motion." Id. See also Louisiana AG Credit, PCA v. Livestock Producers, Inc. , 42,072, p. 7 (La. App. 2 Cir. 4/4/07), 954 So.2d 883, 888.
The Simmons only attached excerpts from their depositions to oppose the Coroner's summary judgment. Crystal Simmons stated in her deposition that she "called a couple times to the coroner's office. I made sure that they had my name and my telephone number so they'll know in case any issues had come up or whatever they could call me." She then testified that this telephone call was "[m]aybe a couple weeks, like one or two weeks" after Eli died. This was the only telephone call she made to the Coroner's office.[2] Crystal Simmons could not recall the name of the person she spoke with in the Coroner's *706 office. Patrick Simmons testified that he called the Coroner's office a couple months after Eli died to request a copy of the autopsy report. He stated that he "made a couple of phone calls."
This Court held that when a defendant meets the initial burden of showing no genuine issues of material fact remain, then
"[t]he plaintiff may not satisfy this burden by resting on mere allegations or by filing self-serving conclusory affidavits which merely restate those allegations. The mere fact that the plaintiff contests a fact in her allegations is not sufficient to raise a genuine issue concerning those facts."
Hardison v. Byrne , 15-0111, p. 9 (La. App. 4 Cir. 12/9/15), 182 So.3d 1110, 1116 ; quoting Sims-Gale v. Cox Commc'ns of New Orleans , 04-0952, p. 5 (La. App. 4 Cir. 4/20/05), 905 So.2d 311, 314 ; quoting Guichard v. Super Fresh/Sav-A-Center, Inc. , 97-1573, pp. 4-5 (La. App. 4 Cir. 2/4/98), 707 So.2d 1013, 1015. "Once the mover properly supports its motion for summary judgment, the failure of the nonmoving party to produce evidence of a material factual dispute mandates the granting of the motion." Sims-Gale , 04-0952, p. 6, 905 So.2d at 314. "Absence of corroborating evidence means that there is no genuine issue of material fact." Alexander v. Hancock Bank , 16-0662, p. 8 (La. App. 4 Cir. 2/8/17), 212 So.3d 713, 718.
Further, the Coroner alleges that it is immune from the Simmons' suit. La. R.S. 13:5713(L)(1) provides that "[l]iability shall not be imposed on an elected coroner or his support staff based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties." Further, La. R.S. 8:658 states that "[n]o action shall lie against any cemetery authority relating to the remains of any person which have been left in its possession for a period of sixty days, unless a written contract has been entered into with the cemetery authority for the care of such remains."[3] La. R.S. 9:1551(A)(2) states some of the duties of the Coroner's office: "[t]he coroner shall have and exercise custody over the remains of all persons who die within the parish and whose remains are abandoned, not claimed, or unclaimed by the person or persons authorized in R.S. 8:655, or by the person to whom the coroner has released the remains." Moreover, "every dead body of a human being lying within this state, and the remains of any dissected body, after dissection, shall be decently interred or cremated within a reasonable time after death." La. R.S. 8:651. Lastly, La. R.S. 8:661 provides that
Whenever any human remains have been in the lawful possession of any cemetery authority for a period of sixty days or more, and the relatives of or persons interested in the deceased person fail, neglect, or refuse for such periods of time, respectively, to direct the disposition to be made of the body, the body may be disposed of by the cemetery authority having lawful possession thereof, under and in accordance with such rules and regulations, if any, as may be made and promulgated by the governmental authority or authorities having jurisdiction over the matter.
Once the Coroner filed a supported Motion for Summary Judgment, the Simmons were required to produce evidence of a material factual dispute. The Simmons' deposition excerpts attached to their opposition do not contain testimony *707 addressing their suffering as a result of the Coroner's burial of Eli's remains. Likewise, there was no documentation or evidence substantiating a genuine issue of material fact regarding the alleged outrageousness of the Coroner's actions by burying Eli's remains after holding the remains for 241 days. Further, it is undisputed that DCFS did not call the Coroner in regards to burying Eli's remains until 294 days after his death. The Coroner retained Eli's remains for 241 days prior to burying him. The Simmons failed to submit evidence sufficient to show that genuine issues of material fact remained following the Coroner's supported Motion for Summary Judgment. Given the uncorroborated evidence submitted by the Simmons and the duties legally bestowed upon the Coroner's office, we do not find that the trial court erred by granting the Coroner's Motion for Summary Judgment. The judgment of the trial court is affirmed. We pretermit the issue of whether the Simmons have a legal interest in Eli's remains in that we found the Coroner was entitled to summary judgment.
DECREE
For the above-mentioned reasons, we find that the Simmons failed to meet their burden of proof regarding genuine issues of material fact once the Coroner filed its supported Motion for Summary Judgment. As such, the judgment of the trial court is affirmed.
AFFIRMED
MCKAY, C.J., DISSENTS
I respectfully dissent from the majority in this matter and would reverse the judgment of the district court.
Arguably, there is a question if upon Eli's death the Louisiana Department of Children and Family Services lost the care custody and control of Eli's remains. Logically, the care custody and control of the child's remains would revert to the parents as the purpose of the Louisiana Department of Children and Family Services ended with the death of the child. While I would agree that the Coroner has a statutory right and obligation to dispose of the remains for the welfare of society benefiting the public at large through public health and public justice, it does not answer the glaring question as to who actually has the legal right to the remains of Eli. I believe that this fact is germane to the matter and needs resolution. This can only be determined by a full trial on the merits.

Juvenile court proceedings were ongoing based on the removal of Eli and his three siblings from their home.

Crystal Simmons previously stated that she called the Coroner's office a "couple" times, but then said she only called once.

The Coroner's office qualifies as a cemetery authority pursuant to La. R.S. 8:1(8).