**BRITTANY LYNN SPENCER**  *  **NO. 2021-C-0383**

**VERSUS**      *

          **COURT OF APPEAL**

**VALERO REFINING**   *

**MERAUX, LLC**     **FOURTH CIRCUIT**

        *

          **STATE OF LOUISIANA**

     *** * * * * * ***


APPLICATION FOR WRITS DIRECTED TO
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 21-0225 C/W 21-0026, 21-0227, DIVISION "A"
Honorable William M. McGoey, Judge
**\* \* \* \* \* \***
**Judge Tiffany Gautier Chase**
**\* \* \* \* \* \***
**REMANDED BY LOUISIANA SUPREME COURT**

(Court composed of Judge Paula A. Brown, Judge Tiffany Gautier Chase, Judge Dale N. Atkins)


Raymond P. Ward
Roland M. Vandenweghe, Jr.
Taylor E. Brett
ADAMS AND REESE, LLP
701 Poydras Street, Suite 4500
New Orleans, LA  70139

Jacque R. Touzet
JACQUE TOUZET, ATTORNEY AT LAW
900 Camp Street, Floor 3
New Orleans, LA  70130

  COUNSEL FOR RELATOR, VALERO REFINING MERAUX, L.L.C.

Lance V. Licciardi
LICCIARDI LAW OFFICE, LLC
1019 West Judge Perez Dr.
Chalmette, LA  70043

Michael C. Ginart, Jr.
LAW OFFICES OF MICHAEL C. GINART, JR. & ASSOCIATES
2114 Paris Rd.
Chalmette, LA  70043

David C. Jarrell
LAW OFFICES OF DAVID C. JARRELL, A.P.L.C.
9101 W. St. Bernard Hwy.
Chalmette, LA  70043

COUNSEL FOR RESPONDENT, BRITTANY SPENCER

**WRIT GRANTED; RELIEF DENIED**
**FEBRUARY 2, 2022**

*TGC*
*PAB*
*DNA*

On application for supervisory writ, defendant/relator Valero Refining Meraux, LLC (hereinafter "Valero") seeks review of the district court's May 26, 2021 judgment in favor of plaintiff/respondent Brittany Spencer (hereinafter "Ms. Spencer") in her individual capacity and on behalf of her minor child, Chloe Mae LaFrance. After consideration of the record before this Court and the applicable law, we grant Valero's writ application and deny the relief requested.

## FACTS AND PROCEDURAL HISTORY

In the early morning hours of April 10, 2020, an explosion occurred at the Valero refinery located in Meraux, Louisiana. As a result, a "fire ball" loomed over the refinery for several hours.

On February 18, 2021, Ms. Spencer filed suit against Valero individually and on behalf of her two minor children in the Justice of the Peace Court for the Parish of St. Bernard. After a trial on the merits, the justice of the peace issued judgments dismissing the claims, finding Ms. Spencer failed to produce medical evidence supporting her claims of emotional anguish; failed to produce evidence of physical damage to property; and failed to establish intentional negligence on the part of Valero. Ms. Spencer sought review in the district court and the case was

1

tried *de novo* pursuant to La. C.C.P. art. 4924.[1] Before the district court, in lieu of live testimony, the parties stipulated to Ms. Spencer's testimony; the admissibility and authenticity of documents and evidence; and several pertinent facts.[2] The district court found that the refinery explosion and its aftermath occurred due to Valero's negligence. It also found that Ms. Spencer satisfied her burden of proving genuine emotional distress both individually and on behalf of her minor daughter Chloe arising from the explosion. The district court awarded Ms. Spencer $1,000.00 in damages plus court costs, as well as $250.00 plus court costs on behalf of Chloe.[3]

Valero sought supervisory review of the district court's judgment in this Court. This Court denied the writ application. *Spencer v. Valero Refining Meraux, LLC,* unpub., 2021-0383 (La.App. 4 Cir. 7/13/21), *writ granted,* 2021-01188 (La. 11/17/21), 327 So.3d 489. Thereafter, Valero filed a writ application with the Louisiana Supreme Court. The Supreme Court granted Valero's writ "for the sole purpose of remanding this case to the court of appeal for briefing, argument and full opinion." *Id.*

---

[1] La. C.C.P. art. 4924 provides:

    A.     Appeal from a judgment rendered by a justice of the peace court or a clerk of court shall be taken to the parish court or, if there is no parish court, to the district court of the parish in which the justice of the peace court is situated.

    B.     The case is tried de novo on appeal. However, a trial de novo, in the district court from the justice of the peace court, is not subject to the jurisdictional limit of the justice of the peace court.

    C.     No further appeal from the judgment of the parish or district court is allowed.

    D.     Supervisory jurisdiction of the proceedings in the parish or district court may be exercised by the court of appeal which otherwise would have had appellate jurisdiction.

[2] The parties agreed to stipulate to several facts regarding the incident, as there is no record of the proceedings before the justice of the peace.

[3] The district court found in favor of Valero and dismissed Ms. Spencer's claim on behalf of her minor son, Lanny LaFrance, III. Ms. Spencer does not seek review of the judgment dismissing Lanny's claim.

## STANDARD OF REVIEW

"Appellate courts apply the 'manifest error' or 'clearly wrong' standard when reviewing a trial court's findings of fact. This standard of review requires the appellate court to apply a two-part test: (1) the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) the appellate court must further determine that the record establishes the finding is clearly wrong (manifestly erroneous)." *Greenblatt v. Sewerage & Water Bd.,* 2019-0694, p. 3 (La.App. 4 Cir. 12/20/19), 287 So.3d 763, 766 (internal citations omitted).

## DISCUSSION

Valero asserts that the district court erred in awarding damages to Ms. Spencer and Chloe for emotional distress unaccompanied by any physical injury. Louisiana jurisprudence establishes that even without accompanying physical injury, a claim for negligent infliction of emotional distress is viable. *Crockett v. Cardona,* 1997-2346, p. 6 (La.App. 4 Cir. 5/20/98), 713 So.2d 802, 805. Establishing a claim requires that a plaintiff first satisfy the requirements of La. C.C. art. 2315, general negligence. *Id.,* p. 3, 713 So.2d at 804. A plaintiff must prove the following: (1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform his or her conduct to the appropriate standard; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages. *Id.; see also Simmons v. State,* 2018-0174, p. 5 (La.App. 4 Cir. 8/29/18), 255 So.3d 701, 704. Once general negligence is established, to recover for negligent infliction of emotional distress without physical injury a plaintiff must show an "especial

likelihood of genuine and serious mental distress, arising from the [plaintiff's] special circumstances. . .". *Lester v. Exxon Mobil Corp.,* 2012-1709, p. 8 (La.App. 4 Cir. 6/26/13), 120 So.3d 767, 774.

We now turn our analysis to the sole issue on review, whether the district court erred in finding Valero negligent and awarding damages for negligent infliction of emotional distress to Ms. Spencer and Chloe.

## GENERAL NEGLIGENCE

We first consider whether the district court erred in finding Ms. Spencer satisfied her burden under La. C.C. art. 2315. Specifically, the question is whether Valero had a duty to conform its conduct to a specific standard of care and failed to do so, causing injury to Ms. Spencer and Chloe.

The record includes Valero's Unauthorized Discharge Notification Report and the Louisiana Department of Environmental Quality ("DEQ") Incident Report. The Valero report indicates that the Meraux Refinery experienced a loss of containment in the Hydrocracker Unit, resulting in a vapor release and ignition, followed by a fire. The vessel relieved some of the elevated pressure to a flare through a Pressure Safety Valve ("PSV"). Although the elevated pressure subsided, the PSV did not fully "reseat" in its former position. Valero developed a plan which it believed would allow the PSV to "reseat" by having the operators briefly close an inlet valve. However, the operators sent to accomplish this plan changed it in the field due to concerns of access to the inlet valve. Rather than closing an inlet valve, the operators closed an outlet valve, which immediately failed, causing the April 10, 2020 explosion, fire, and chemical release. Valero admitted in its report that changing the approved plan resulted in the over-

4

pressurization of the hydrocracker unit and the release of chemicals, which quickly ignited.

After the incident, Valero notified the DEQ, which investigated and prepared its own report. The DEQ report states:

> The facility [Valero] failed to use and diligently maintain in proper working order control equipment to adequately prevent emissions in violation of LAC 33.III.905(A).[4] Specifically, the facility had a preventable, unauthorized release that exceeded the Reportable Quantity and permit limits of Sulfur Dioxide (SO2)[5] and permit limits of Hydrogen Sulfide (H2S), because the operators failed to follow Process Safety Management protocols when they altered the plan to reseat the PSV.

The DEQ concluded that the operators' alteration of the plan to "reseat" the valve without requesting additional review and approval "resulted in the failure of the outlet valve, the over pressurization of the Unit and subsequent fire."

After a review of the evidence, the district court found Valero negligent, finding that it breached its duty to Ms. Spencer and Chloe, who lived in close proximity to the refinery. The court also determined Valero's negligence was a direct cause of their emotional distress. Our review of the evidence supports the district court's findings. Specifically, we find Valero had a duty to control the overall levels of air contaminants entering the surrounding area by conforming its conduct to a specific standard of care under LAC 33.III.905(A). Valero did not conform its conduct to this standard. The DEQ report and Valero's report establish that Valero's failure caused the over-pressurization of the hydrocracker unit,

---

[4] LAC 33.III.905(A) of the Environmental Regulatory Code states that "[e]xcept as provided in Subsection B of this Section, to aid in controlling the overall levels of air contaminants into the atmosphere, air pollution control facilities should be installed wherever practically, economically, and technologically feasible. When facilities have been installed on a property, they shall be used and diligently maintained in proper working order whenever any emissions are being made which can be controlled by the facilities, even though the ambient air quality standards in affected areas are not exceeded."

[5] Valero's report identified SO2 as an "extremely hazardous substance."

chemical release and subsequent fire. As such, Valero's negligence was both the cause-in-fact and the legal cause of Ms. Spencer's and Chloe's emotional distress. Thus, we conclude that the district court did not err in finding Ms. Spencer satisfied her burden under La. C.C. art. 2315.

### EMOTIONAL DISTRESS DAMAGES ABSENT PHYSICAL INJURY

Recovering damages for negligent infliction of emotional distress absent physical injury requires a plaintiff to establish a likelihood of genuine and serious emotional distress arising from the plaintiff's particular circumstances. The district court found that Ms. Spencer satisfied this burden.

The district court, in its reasons for judgment, relied upon Ms. Spencer's stipulated testimony that described the explosion at the refinery, the events following the explosion, and the facts stipulated by the parties. The district court noted that the explosion occurred 2,000 feet away from Ms. Spencer's townhouse apartment and that a huge fire ball or flame appeared above the refinery, lighting up the night sky. The explosion also caused a shock wave that shook the apartment and windows and woke Ms. Spencer and Chloe in the middle of the night. Further, the court described video evidence of emergency vehicles entering the refinery and neighbors exiting their homes. Eight-year-old Chloe was frightened and anxious as a result. The district court noted that Ms. Spencer, who was four months pregnant, was afraid for her family's safety and specifically about whether harmful chemicals were released into the air. Her concern led to the family's departure from their apartment between April 10 and 13, 2020, and after their return, Ms. Spencer refused to allow her children to play outside. Finally, the district court evaluated Ms. Spencer's claim of continuing anxiety. Although she and her family moved out of St. Bernard Parish in June 2020, Ms. Spencer

remained anxious about possible adverse health effects from the explosion. The district court found that these circumstances caused compensable emotional distress to Ms. Spencer and, more minimally, to Chloe.

Our review of the stipulated testimony and evidence establishes a reasonable factual basis to support the trial court's finding. The parties offered into evidence photographs and thirty-two brief videos of the fire and emergency vehicle response, which support the trial court's assessment that the explosion was a "huge fire ball or flame above the refinery" which "lit up the night sky." The evidence contains a video with a written caption comparing the explosion to an earthquake, as well as the DEQ report stating that the fire was present to public view for almost twelve hours. Although Valero's incident report indicates that it monitored SO2 levels in the air of the neighborhoods surrounding the refinery and found no significant results, we find that provided little to no solace to residents, as Valero did not contemporaneously communicate the results to the public.

Proximity to the event, witnessing injury to others, and contemporaneous reports from reliable sources that danger is real are indicia of the reliability of claims of emotional distress. *Doerr v. Mobil Oil Corp.,* 2004-1789, p. 9 (La.App. 4 Cir. 6/14/06), 935 So.2d 231, 237. Legitimate concern about one's health is compensable. *Id.,* p. 10, 935 So.2d at 238. Ms. Spencer and Chloe were in close proximity to the area of the refinery where the explosion occurred, a distance of less than 2,000 feet. Additionally, although they did not directly witness injury to others, they observed emergency vehicles rushing to the scene of the explosion,

7

indicating to a reasonable person that both injury and real danger were present.[6] Finally, although Valero tested the air in the community and found it contained no dangerous chemical levels, Valero failed to contemporaneously communicate this information to the public. Ms. Spencer's concern about negative impacts on her family's health, including that of her unborn child, from the chemical release is genuine, serious and reasonable under these circumstances.

Considering the totality of the evidence, we find the district court's finding that Ms. Spencer and Chloe suffered genuine and serious emotional distress resulting from the Valero refinery event of April 10, 2020 reasonable. Louisiana courts have allowed recovery for negligent infliction of emotional distress under such factual scenarios. *See Crockett*, 1997-2346 at p. 6, 713 So.2d at 805. Thus, the district court was not clearly wrong in finding Ms. Spencer and Chloe entitled to damages for negligent infliction of emotional distress absent physical injuries.

## DECREE

Based on the foregoing, we grant Valero's writ application and deny the requested relief.

**WRIT GRANTED; RELIEF DENIED.**

---

[6] Valero's report indicates that an operator who was in the vicinity of the fire, was transported to a hospital, treated and released the same morning. Another operator subsequently sought medical attention for a suspected knee injury but did not require hospitalization.

8